C. W. HILL, Respondent, v. OMAHA, KANSAS CITY & EASTERN RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, December 4, 1899.

1. **Contracts: THIRD PERSON: INDEMNITY.** A stipulation in a lease by which the lessee agrees to indemnify the lessor against his past acts and omissions, etc., will not sustain an action by a third person against such lessee for the defaults of the lessor, since it is not a contract for the benefit of such third person.

2. ———: **CONSIDERATION: ACTION.** A benefit passing to the promisor from the promisee will sustain a contract; and where a lessee of a railroad promised if a party would wait the lessee would pay the damages done his stock by the lessor and the party did wait, the waiting was a sufficient consideration to support the contract and the promisee may maintain an action thereon.

Appeal from the Sullivan Circuit Court.—*Hon. J. M. Wallenbarger*, Special Judge.

AFFIRMED.

*J. M. Winters* and *J. G. Trimble* for appellant.

(1) The lease was not a contract for payment of claims against Gilman and Jacobs, but for indemnifying and holding them harmless, and respondent had no right of action against appellant. State v. Railroad, 125 Mo. 596. (2) There was no promise on the part of appellant to pay this claim. If the letter from Mr. Soule can be construed into a promise, there is nothing to show that he had authority to make it, nor was there any consideration for it. Respondent has no right of action against appellant, State v. Railroad, 125 Mo. 596, and his forbearing to enter suit was no consideration to bind appellant for any promise the letter of August 6 might be construed to contain. Pohlman v. Tilden, 44 Mo. App. 569.

*Irwin & Hughes* and *W. F. Calfee* for respondent presented an argument.

GILL, J.—This is a suit based on section 2611 of our statute to recover double the value of a cow killed on defendant's road. There is practically no dispute as to the main facts. It is conceded that in May, 1897, plaintiff's cow, worth $50, escaped on to the railroad track at a point where the statute required it to be fenced, but which was not, and was there run over by a passing train and killed. The point of dispute is whether or not the defendant is responsible for the damages. In May, 1897, when the cow was killed, the road was being operated by Gilman and Jacobs as trustees under a defaulted mortgage. But in June following, the road was turned over to the defendant under the terms of a written lease, wherein said defendant promised "to indemnify and save harmless the party of the first part * * * and said

Theodore Gilman and Ward W. Jacobs as trustees under the mortgage   *   *   *   from all liability by reason of accidents, injuries or damages occurring out of, or in any way connected with the maintenance and operation of the property hereby demised   *   *   *   and to indemnify and save harmless each and all of said persons or corporations, their successors and assigns, from all liability by reason of the same, or by reason of any cause or causes of action for any past acts, omissions, defaults or obligations of any of said parties or persons in connection with said demised property or the operation thereof."

At the time the cow was killed, and subsequently when the road was transferred to the defendant, one Soule was superintendent and it seems acted as well in allowing and settling such claims as that of the plaintiff.   The latter applied to Soule for an adjustment of the damages and he promised to look the matter up.   Nothing further was done then until in July or August following and after defendant had taken possession of the road.   With a view then of forcing a settlement, plaintiff, in July or August following, employed an attorney who wrote demanding that the plaintiff's damages be paid. This letter was addressed to Soule, who continued in the same position as superintendent or claim agent for the defendant as he had been with its predecessor, and said Soule replied by letter to the effect that if Hill, the plaintiff, would wait awhile and not bring suit the defendant would pay the damages. Relying on this promise plaintiff did delay in bringing his suit, but the claim was not settled, and thereupon this action was brought, resulting at a trial by the court without the aid of a jury, in a judgment for $100, double the value of the cow, and from said judgment defendant appealed.

1.   The only instruction asked was a demurrer to the evidence and this the court declined to give.   The sole question then is, has the finding and judgment of the court any evidence to support it.   Or was the plaintiff entitled to recover on any theory of facts which the evidence tended to prove.

In the statement, we have set out what the evidence tended to prove—construing all conflicts in the testimony favorably to plaintiff, as he is entitled to that in the determination of the case here.

In the light of a decision by the supreme court in State v. Railway, 125 Mo. loc. cit. 617, it seems that plaintiff can not recover on the alleged assumption contained in the lease of the road made to the defendant, wherein defendant agreed to indemnify and save harmless those previously operating the road from all liability for accidents to and claims of third persons. A clause similar to this was under review in the case above cited, and Judge Black, speaking for the court, said: "If the agreement or covenant is simply one to indemnify and save harmless one of the parties to the contract, against the claims of third persons, then such third persons can not sue upon the agreement or covenant. Such a contract, whether under seal or not, is not a contract for the benefit of third persons within the meaning of the rule that where one person makes a promise to another for the benefit of a third person, such third person may sue on the promise."

2. The defendant, however, made through its authorized agent another promise upon which it may be held. Through his attorney, plaintiff demanded a settlement of the damages, and threatened to sue the defendant, or other persons responsible, for killing the cow. Defendant thereupon promised to adjust and pay the damages if plaintiff would withhold action in that respect. Plaintiff did wait but defendant did not comply with its promise. There is no reason why that promise should not be enforced. The agreement was supported by a sufficient consideration. "If the least benefit or advantage be received by the promisor from the promisee, or if the promisee sustain any, the least injury or detriment, it will constitute a sufficient consideration to render the agreement valid." Marks v. Bank, 8 Mo. 317.

The judgment in this case is clearly for the right party and will be affirmed. All concur.