GATE CITY NATIONAL BANK, Appellant, v. J. S. CHICK, JR., HOWARD VANDERSLICE and JOHN H. LYNDS, Respondents.

Kansas City Court of Appeals, May 5, 1913.

1. **CONTRACTS: Benefit of Third Parties: Right of Action.** It is not every promise made by one to another, from the performance of which a benefit may ensue to a third, which gives a right of action to such third person, he being neither privy to the contract nor to the consideration. The contract must be made for his benefit, as its object, and he must be the party intended to be benefited.

2. ———: ———: ———. An action lies on a promise made by the defendant upon a valid consideration to a third person, although the plaintiff was not privy to the consideration. Such a promise is to be deemed made to the plaintiff if adopted by him, though he was not a party, nor cognizant of it when made.

Appeal from Jackson Circuit Court.—*Hon. Jas. E. Goodrich,* Judge.

AFFIRMED.

*McCune, Harding, Brown & Murphy* for appellant.

(1) The contract having been made for the benefit of plaintiff, judgment should have been for it. Crone v. Stinde, 156 Mo. 262; Porter v. Woods, 138 Mo. 539; Beattie v. Gerardi, 166 Mo. 142. (2) The provision, in paragraph 6 of the contract, that defendants should "release" Lyons means that they should discharge Lyons from the obligation, either by payment or its equivalent. Baker v. Baker, 29 N. J. Law 13; Field v. Columbet, 9 Fed. Cas. 4764; 34 Cyc. 1042-3; Swain v. McMillan, 30 Mont. 433; Parker v. U. S., 22 Court of Claims, 100; Amherst College v. Ritch, 151 N. Y. 282; Standard Dictionary. (3) The recital, in paragraph 6 of the contract, that defendants would "eventually pay" means that payment should be made by them within a reasonable time. Rowsey v. Lynch, 61 Mo. 560; Newman v. Lynch, 29 Mo. App. 657; Compton v. Johnson, 19 Mo. App. 88; Bank v. Bobbett, 71 Vt. 182; Ramot v. Schotenfels, 15 Ia. 457; Brannin v. Henderson, 51 Ky. (12 Monroe) 61; Page v. Cook, 164 Mass. 116; Black v. Bachelder, 120 Mass. 171; Lewis v. Tipton, 10 Ohio St. 88. (4) Defendants having written the contract, in case of a doubtful construction the doubt must be resolved in favor of plaintiff. Hurley v. Fidelity & Deposit Co., 95 Mo. App. 88. (5) The court erred by admitting verbal evidence to add to, construe and contradict the written contract. Morgan v. Porter, 103 Mo. 140; Mossman v. Hoecher, 49 Mo. 88; Borden v. Peay, 20 Ark. 304.

*Lathrop, Morrow, Fox & Moore* for respondents.

(1) The agreement between respondents and Mr. Lyons was not made for the benefit of appellant. Parker v. U. S., 22 Court of Claims, 200; 34 Cyc. 1022; Hausman v. Water Co., 119 Mo. 304; Markel v. Telegraph Co., 19 Mo. App. 80; Sayward v. Dexter, Horton

& Co., 72 Fed. 758; Montgomery v. Spencer, 50 Pac 623; Banks v. Railroad, 76 Fed. 130; State v. Railroad, 125 Mo. 596; Hill v. Railroad, 82 Mo. App. 188; State ex rel. v. Loomis, 88 Mo. App. 500; Scheele v. Bank, 120 Mo. App. 611; Bank v. Commission Co., 139 Mo. App. 110. (2) Where a contract is not clear and unequivocal evidence may be offered to show the real intention of the parties. All provisions of a contract must be given force if possible. The intention of the parties must govern, and the court cannot make a contract for them. Barlow v. Elliott, 56 Mo. App. 377; Nelson v. Cultivator Co., 118 Fed. 620; Brewing Co. v. Water Works Co., 34 Mo. App. 49; Carney v. Water & Light Co., 76 Mo. App. 532; Ireland v. Spickard, 95 Mo. App. 53; Pietri v. Seguenot, 96 Mo. App. 258; Lighting Co. v. Hobart, 98 Mo. App. 227; Inlow v. Bybee, 122 Mo. App. 475; Eaton v. Coal Co., 125 Mo. App. 194; Grocer Co. v. Canning Co., 129 Mo. App. 325; Bernero v. Real Estate Co., 134 Mo. App. 290; Carter v. Arnold, 134 Mo. 195; Williams v. Railroad, 153 Mo. 487; Nordyke v. Kehlor, 155 Mo. 643; Construction Co. v. Tie Co., 185 Mo. 25; Tetley v. McElmurry, 201 Mo. 382.

JOHNSON, J.—This is an action to enforce a contract plaintiff alleges was made by defendants for its benefit. A trial of the issues raised by the pleadings resulted in a judgment for defendants and plaintiff appealed. The W. F. Lyons Ice & Power Company, a corporation, was indebted to plaintiff, a bank doing business in Kansas City, in the sum of $9,000, and plaintiff held its negotiable promissory note for that sum which was dated September 10, 1909, and was payable on demand. The note was signed by the Ice Company and by W. F. Lyons, who, so far as the face of the instrument disclosed, was a co-maker.

The evidence of defendants shows that as between the Ice Company and Lyons the former was the

principal obligor and the latter a surety. The pay-
ment of the note was secured by bonds of the Ice Com-
pany of the par value of $12,500, which were the prop-
erty of Lyons and were deposited by him with plain-
tiff as collateral to the note. Lyons was the president
of the Ice Company, was a heavy stockholder and
owned over one-third of its bonds. The capital stock
of the corporation was $150,000, the bonded indebted-
ness $100,000, and the floating indebtedness, which in-
cluded the note to plaintiff was heavy. The assets
were large but at the time of the principal event in
controversy were not sufficient to pay the debts of the
concern and the stock had no intrinsic value. These
facts were not known to defendants. The corporation
was a going concern and was doing a large and ap-
parently profitable business. Lyons was surety on
other notes the company had given for borrowed mon-
ey and had pledged all of the bonds he owned to se-
cure such notes as well as to secure the payment of
debts he owed individually. His pecuniary obligations
consisted of debts of the company for which he had be-
come liable in the manner stated and of his own per-
sonal liabilities.

In February, 1910, while the affairs of the Ice
Company and of Lyons were in the condition de-
scribed, Lyons entered into a written contract with de-
fendants Chick, Vanderslice and Lynds by the terms
of which he sold to them his holdings in the company
and put them in charge of the assets and business of
the corporation. We do not find it necessary to set
out that contract or to refer to any other portion
than the paragraph relating to a part of the consider-
ation defendants agreed to give for the property and
rights conveyed to them by Lyons. That paragraph
provided that defendants "should in due time release
W. F. Lyons from all of the obligations of W. F.
Lyons Ice & Power Company scheduled in this para-
graph on which he is indorser and should also event-

ually pay, or cause to be paid, all of the present obligations of W. F. Lyons to which any of the bonds of the W. F. Lyons Ice & Power Company are collateral, according to the following schedule.'' Then followed a list of such debts, including the note held by plaintiff. Part of the debts in the schedule were notes which Lyons had signed apparently as co-maker with the Ice Company for money borrowed by the company and the remainder were notes given by Lyons on his own account. Each note in the schedule was secured by bonds belonging to Lyons which were included in the property that was the subject of the sale. The note held by plaintiff was not paid and plaintiff foreclosed the lien on the bonds. The proceeds realized fell short of discharging the note in full and plaintiff recovered judgment against Lyons for the deficiency. That judgment remains unsatisfied and the object of this suit is to recover the amount of the deficiency from defendants on the theory that the paragraph of the contract we have quoted required defendants to pay the note and that plaintiff is entitled to have that contract enforced as one made by defendants for its benefit.

In the judicial interpretation of written contracts the most important rule is that which requires the court to give effect to the mutual intention of the parties as expressed in the instrument. In ascertaining the true intention, the contract should be read in the light of the circumstances of the parties at the time of its execution. The court cannot give heed to prior or contemporaneous oral agreements that tend to contradict or vary the terms of the written contract but evidence that merely tends to throw light upon and disclose the nature of the subject matter of the contract is admissible and important in instances where it serves to explain and give certainty to terms or words in the instrument which, if unexplained, would be ambiguous or uncertain.

The paragraph of the contract, on the correct interpretation of which depends the proper solution of this controversy, shows quite clearly that defendants were to assume obligations with respect to two classes of debts owed by Lyons for which he had pledged his bonds as security; the first class consisting of notes on which his liability was that of an indorser for the Ice Company, the principal obligor, and the second composed of obligations on which he was primarily liable. The contract does not show on its face to which class the note held by plaintiff belonged and we think the learned trial judge did not err in receiving evidence relating to the fact of whether the liability of Lyons on the note in question was that of an indorser of a note of the Ice Company or that of a principal obligor. Such evidence could not have the effect of contradicting or varying the terms of the written contract, for they are silent on that subject, and we do not understand how the issue of the classification of the note could be solved intelligently without resort to extrinsic evidence. The position on the face of the note of the signature of Lyons indicated that he was a co-maker with the Ice Company and, as such, was liable to the payee as a maker, but it was competent for defendants to adduce evidence to the effect that his relation to the Ice Company was not that of a co-maker but of a surety.

There is a pronounced technical distinction between a surety and an indorser (Keys v. Keys, 217 Mo. 48) and if the parties to the contract intended that the term "indorser for the Ice Company" as used in describing the obligations assigned to the first class should be understood in its strict legal sense, proof that Lyons, in fact, signed the note as surety would be insufficient, of itself, to place the note in that class. We think the language of the contract, when analyzed in the light of the facts and circumstances disclosed in the evidence, clearly evince the intention

of giving the term the broader meaning of compre-
hending all obligations of suretyship for the Ice Com-
pany which Lyons had incurred and had secured with
bonds owned by him. He had not become liable as a
technical indorser on any of the notes mentioned in
the schedule and to give the term in question the re-
stricted meaning would wipe the first class out en-
tirely and thus destroy the classification the contract
clearly purports to establish and define. We hold
that the term "indorser" was intended by the parties
to be understood as the synonym of surety and that
effect should be given such intention. The note held
by plaintiff belonged to the first class and we pass to
the question of the nature of the obligation the con-
tract imposed on defendants with reference to debts
belonging to that class.

The language of the contract is that defendants
"in due time should release Lyons from all obliga-
tions" of that class. Standing alone that term might
be subject to the construction of counsel for plain-
tiff who argue, in substance, and cite authorities in
support of the argument, that "to release" and "to
pay" are legal synonyms and, therefore, that defend-
ants bound themselves to pay the note. But here again
the argument of plaintiff, if it received our sanction,
would destroy the classification of debts which the par-
ties were so careful to make. The obligation of de-
fendants with respect to the debts in the second class
was to pay such debts in a reasonable time while their
duty towards those of the first class was to procure the
release of Lyons from his liability to pay them. Such
release might be obtained in other ways than by pay-
ment made by defendants. In this case defendants
endeavored unsuccessfully to induce plaintiff to ac-
cept a renewal note signed only by the corporation and
offered some additional collateral security. Had the
offer been accepted certainly it would have amounted

to a full performance by defendants of their agreement to procure Lyon's release from the liability.

The only distinction the contract makes between the two classes is that we have noted and if the parties intended to bind defendants to pay all of the debts they would not have taken such pains to divide them into two classes. Giving effect to the manifest intention of the parties as expressed in the contract, we say that the full extent of defendants' undertaking with reference to debts in the first class was to obtain the dismissal of Lyons from his liability to pay them, in any lawful manner available to defendants. In this view of the contract we do not perceive any good ground for the contention that the contract was made for the benefit of plaintiff.

The rule is one of general acceptation that "an action lies on a promise made by the defendant upon a valid consideration to a third person, although the plaintiff was not privy to the consideration. Such promise is to be deemed made to the plaintiff if adopted by him, though he was not a party, nor cognizant of it when made." [Porter v. Woods, 138 Mo. 1. c. 554; Crone v. Stinde, 156 Mo. 1. c. 266; Beattie v. Gerardi, 166, Mo. 1. c. 153.]

But the rule has well-defined limitations. "It is not every promise made by one to another, from the performance of which a benefit may ensue to a third, which gives a right of action to such third person, he being neither privy to the contract nor to the consideration. The contract must be made for his benefit, as its object, and he must be the party intended to be benefited." [Porter v. Woods, supra; Howsman v. Water Co., 119 Mo. 304; Markel v. Telegraph Co., 19 Mo. App. 80; Hill v. Railroad, 82 Mo. App. 188; State ex rel. v. Loomis, 88 Mo. App. 500; Scheele v. Lafayette Bank, 120 Mo. App. 611; Bank v. Commission Co., 139 Mo. App. 110.]

If the obligation of defendants as prescribed in the contract had required them to pay the note held by plaintiff we would hold that the contract was made for the benefit of plaintiff "as its object" but the obligation to procure Lyon's release from liability to plaintiff had for its sole object and beneficiary Lyons and not plaintiff. The benefit that might accrue to plaintiff at most would have been but an indirect and incidental result of the performance of the main purpose of the agreement. "The rule is not so far extended as to give to a third person who is only indirectly and incidentally benefited by the contract a right to sue upon it." [Porter v. Woods, supra.]

Plaintiff has no cause of action against defendants founded on this contract and the action was properly determined in the circuit court. Accordingly the judgment is affirmed.

All concur.