OSCAR W. UHRICH and BURNS H. UHRICH, Partners Doing Business as THE UHRICH PLANING MILL COMPANY, Appellants, v. GLOBE SURETY COMPANY OF KANSAS CITY, MISSOURI, a Corporation, Respondent.

Kansas City Court of Appeals, May 4, 1915.

1. PRINCIPAL AND SURETY: Mechanic's Liens: Contractors: Materialmen. The plaintiffs, who sold to a contractor materials which were used in the construction of a building, sued the defendant on a bond, which the defendant furnished to the contractor to protect the owner against Mechanic's Liens. The plaintiffs filed a Mechanic's lien against the building and brought a suit thereon. *Held*, that the bond was for the benefit of the obligee, the owner, and not for the materialman.

2. ———: ———: ———. A contract between two parties upon a valid consideration may be enforced by a third party when entered into for his benefit, although such third party is not named in the contract and was not a party to the consideration. It is sufficient in order to create the necessary privity that the promisee owe to the party to be benefited some obligation or duty, legal or equitable, which would give him a just claim. But this does not extend so far as to give a third person who is only indirectly and incidentally benefited by the contract a right to sue upon it.

Appeal from Clay Circuit Court.—*Hon. Frank P. Divelbiss*, Judge.

AFFIRMED.

*New, Krauthoff* and *John Taylor* for appellants.

*Haff, Meservey, German & Michaels, Ralph Hughes* and *M. E. Lawson* for respondent.

JOHNSON, J.—This is an action on a building contractor's bond to recover for materials purchased by the contractor and used in the construction of the building for which the bond was given. The court sustained the demurrer to the petition filed by defendant, the surety on the bond, plaintiffs refused to plead further, judgment was rendered for defendant and plaintiffs appealed.

The material facts alleged in the petition are as follows: Lena G. Hill entered into a contract in writing with George W. Huggins, a building contractor, by the terms of which he agreed to build an addition to, and make certain alterations in, a hotel building in Excelsior Springs, at a cost of $52,775. The following quotations from the contract contain all of its provisions relating to the obligation of the contractor to pay for labor and materials employed and used in the construction of the building:

"The said contractor covenants and agrees to and with the said owner to make and erect, build and finish . . . pay for all labor and material in a certain addition to the Royal Hotel as called for in the original plans and specifications. . . . The said owner agrees and binds herself for and in consideration of the erection of said buildings as aforesaid, to pay unto the said contractor the sum of $52,775 . . . provided . . . that all those employed by or furnishing materials to the said contractor shall have been paid and satisfied, so that they shall have no lien upon the buildings or works, and in case the said contractor shall fail so to pay and satisfy all and every claim and demand against said buildings as aforesaid, the said owner may, if she deems proper so to do, retain from the money due and coming to said contractor enough to pay and satisfy such claims and demands, it being, however, understood that nothing herein contained shall in any way be construed as impairing the right of the said owner to hold the said contractor or

securities liable on his bond for any breach of the conditions of the same.

"Subcontractors and parties furnishing materials on account of this contract may be paid by the owner *pro rata,* as above stated, upon order from the contractor, or on presentation of O. K. bills from the contractor, and all such payments to be charged to account of this contract. All payments by the owner to the contractor or to his orders, to be made upon written certificates from the architects, based on the amount of labor performed and materials in and about the premises. Final payment will be made within ten days after this contract is fulfilled."

The bond in suit was executed by the contractor as principal and defendant as surety to the owner as sole obligee on the expressed condition "that if the said contractor shall duly perform said contract and fulfill all the several stipulations therein provided then this obligation is to be void, but if otherwise, the same shall remain in full force and virtue. It is hereby expressly agreed that the said L. G. Hill may make payments in any amounts to the contractor, subcontractor, and materialmen and laborers and such payments shall in nowise limit, affect or reduce our liability hereunder."

The contractor purchased materials of plaintiffs, used them in the construction of the building and failed to pay for them. Plaintiffs filed a materialman's lien against the building and brought a suit, which is now pending, against the contractor and owner for the enforcement of the lien. The present suit on the bond was instituted during the pendency of that action.

The grounds of the demurrer to the petition are, (1st) a defect of parties; (2nd) that a cause of action is not stated against the defendant Surety Company, and (3rd) that the pending suit to enforce the mechanic's lien is a bar to the present action. In the view

191M.A.8

we take of the case it will not be necessary to discuss the first and third grounds.

Plaintiffs say in their brief: "The theory of the action is that while plaintiffs are not named in said contract and bond they are entitled to sue thereon because they are parties for whose benefit said contract and bond were made." Or, to state it differently, the pleaded cause is based on the theory that since the building contract compelled the contractor for the stated consideration to preserve the property which was the subject of the contract from the liens of mechanics and materialmen who should furnish labor and material for the improvements, at the request of the contractor, and since the obligation imposed on defendant in the condition of the bond was coextensive with that the contractor assumed towards the owner under the building contract, the bond should be deemed to have been taken for the benefit of such mechanics and materialmen, for the reason that the payment of debts the contractor might incur in the construction of the improvements is shown by these contractual agreements to have been a direct, instead of an incidental, object of the contracting parties including defendant, the surety on the bond.

The rule is well settled that "a contract between two parties upon a valid consideration may be enforced by a third party when entered into for his benefit. This is so though such third party be not named in the contract and though he was not privy to the consideration. It is sufficient in order to create the necessary privity that the promisee owe to the party to be benefited some obligation or duty legal or equitable which would give him a just claim." [City to use v. Von Phul, 133 Mo. 561; Rogers v. Gosnell, 58 Mo. 590; State ex rel v. Gaslight Co., 102 Mo. 482; Ellis v. Harrison, 104 Mo. 276; Lumber Co. v. Schwartz, 163 Mo. App. 659.]

This rule, as we observed in the recent case of Bank v. Chick, 170 Mo. App. 343, has well-defined limitations. In Porter v. Woods, 138 Mo. 1. c. 554, the Supreme Court quoted with approval the following excerpt from the opinion in Simpson v. Brown, 68 N. Y. 355: "It is not every promise made by one to another, from the performance of which a benefit may ensue to a third, which gives a right of action to such third person, he being neither privy to the contract nor to the consideration. The contract must be made for his benefit, as its object, and he must be the party intended to be benefited."

It is said in Benton v. Larkin, 36 Kan. 246: "The rule, however, is not so far extended as to give a third person who is only indirectly and incidentally benefited by the contract a right to sue upon it." This statement of the exception to the general rule also received the sanction of our Supreme Court in the opinion to which we have just referred. The same idea is expressed in the more recent case of Beattie Mfg. Co. v. Clark, 208 Mo. 1. c. 108, where it is said: "If it appear from the contract itself that it was made for the benefit of the contracting parties therein, and no other, an action by a third party cannot, of course, be maintained thereon."

In solving the question of whether the parties to the bond had their own benefit for their sole object or purposed to include as contractual beneficiaries parties who were not in privity with the contract or the consideration, we must endeavor to ascertain and then enforce the intention of the parties as expressed in the contract evidenced by the bond. In the judicial interpretation of written contracts the most important rule is that which requires the court to give effect to the mutual intention of the parties as expressed in the instrument, and in ascertaining the true intention, the contract should be read in the light of the circumstances of the parties at the time of its execution,

in instances where there is uncertainty or ambiguity in the language of the instrument. [Bank v. Chick, supra.]

Applying the rules we have stated to the contract in hand, we find ourselves unable to join with plaintiffs in the conclusion that the payment of debts of the class to which that of plaintiffs belongs was intended by the parties to the contract to be one of its direct objects. We think the payment of such debts was only incidental to the object of protecting the property of the owner from liens for debts the contractor would be compelled to pay in order to perform his agreement to construct the improvements at his own charge and expense. The owner of the property was confronted with the possibility that the contractor might fail to perform the contract and thereby subject her property to the burden of numerous mechanic's liens. It was to protect herself against such contingency that she required the bond. The mechanic's lien statutes would protect the future creditors of the contractor by affording them resort to her property for the payment of their demands. She was interested in the payment of such demands only to the extent of her own protection. That such interest was the only one the parties had in mind is shown by their omission to insert an express provision giving mechanics and materialmen a right to sue on the bond. In all of the cases in this State relied on by plaintiffs we find either that such provision appeared in the contract or that the bond was given to secure the performance of a contract for a public improvement upon which no mechanic's lien could attach and contained a provision requiring the contractor to pay for the labor and materials used in such improvement.

An example of the first class is the case of City to use v. Von Phul, 133 Mo. 561, where the bond contained the express agreement that "the same may be sued on at the instance of any materialman, laboring

man, or mechanic," etc., and an illustration of the second class is the recent case of Lumber Company v. Schwartz, 163 Mo. App. 659, where a bond given to secure a contract for a public improvement required the contractor to deliver the building to the Board "free from all debts and liens of every character on account of materials furnished or labor performed in and about the said building." We held that inasmuch as the mechanic's lien law afforded no protection to mechanics and materialmen in such instances, the provision quoted must have been intended to be for the benefit of such parties, since it could not have been of any benefit to the State. We said in the opinion: "To hold that the bond in question was not intended for the protection of third persons would be to say that its second clause is meaningless and for all practical uses should be stricken from the instrument. One of the canons of construction is that, if possible, effect must be given to all parts of the instrument. On defendant's theory, what effect could be given the obligation 'to deliver the work' . . . '*free from all debts or liens of every character* on account of materials furnished or labor performed?' This being a public building no debts made by the contractor could become a lien or charge on the building or impose any liability on the Board. So far as the protection of the building and of the Board was concerned those words were superfluous, but they were pregnant with meaning if their purpose was to benefit third persons. Manifestly it was the intention of the parties to insert a condition similar to that required by the statute, to compel the contractor to pay for material and labor that entered into the construction."

The reasons we gave for holding the sureties liable in that case are sufficient to exonerate the surety from liability in the case in hand. This being a contract for the construction of a private building which was entered into with reference to the protection the lien

statutes would afford mechanics and materialmen, the absence from the bond of an express provision given such persons a right to sue thereon, clearly evidenced the intention of the contracting parties that the bond should be for the sole benefit of the obligee.

In answer to the final argument of plaintiffs that they should be allowed to recover under the equitable doctrine of subrogation, it suffices to say that to accede to that view would be to declare that the expressed intention of the parties to the contract to exclude plaintiffs and their kind as beneficiaries must be swept aside and substituted by a court-made contract of opposite purpose. The doctrine of subrogation never has been, and should not be, applied to interfere with the right of persons to make their own contracts and have them enforced as made.

The judgment is affirmed. All concur.