FRED FARRIS, APPELLANT, v. H. SPENCER PITTS, RESPONDENT.[*]

Kansas City Court of Appeals. November 7, 1927.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2557, p. 665, n. 9; Contracts, 13CJ, section 799, p. 699, n. 29; section 815, p. 705, n. 4; section 1015, p. 791, n. 63; New Trial, 46CJ, section 82, p. 127, n. 44.

*Ed G. Robison, John J. Robison* and *Sterling P. Reynolds* for appellant.

*Hewitt & Hewitt* and *Shultz & Owen* for respondent.

WILLIAMS, C.—This is an action for breach of contract and comes to this court after a verdict for plaintiff, and the granting of a motion for a new trial by the trial judge.

The facts are that the plaintiff, Fred Farris, had bought a piece of land from the defendant, H. Spencer Pitts. As part of the purchase price, Farris and his wife had executed a deed of trust for the sum of $18,321. Plaintiff was unable to make the payments and deeded back the land to Pitts, Pitts surrendering the notes signed by Farris and his wife. The reconveyance was by written contract in which it was recited,

"This said farm is sold for $20,321 to Arthur Donovan he is to assume the $18,321 mortgage and pay the said Fred Farris $2000."

As the same time a contract was made between Arthur Donovan and H. S. Pitts, the material part of which is as follows:

"This contract for deed to be given on the 1st day of March, 1924, and shall state that when the said Donovan shall have reduced the mortgage on the farm to ($14,000) fourteen thousand dollars he shall be given a warranty deed for said farm and give in return his and his wife's note, secured by deed of trust on said farm.

"Payable on March 1, 1934, and bearing interest at the rate of (6%) six per cent, semi-annually from date.

"The purchase price of this farm is understood to be ($20,321) twenty thousand, three hundred, twenty-one dollars; ($2000) two thousand to be paid to said Fred Farris & deed of trust given for ($18,321) eighteen thousand, three hundred twenty-one dollars to H. S. Pitts."

The evidence shows that the contract between Arthur Donovan and H. S. Pitts was never carried out and Pitts retains the title to the farm.

The first question presented by appellant is whether or not he has a right of action against Pitts by reason of his failure to carry out the contract with Donovan, for thus only could plaintiff receive the money he claims is due him, to-wit; $2000.

The defendant asked the court to instruct the jury as follows, which instruction was refused:

"The court instructs the jury that if you find for the plaintiff in determining his damages, if any, you shall take into consideration the ability or lack of ability, if any, of Donovan to pay plaintiff the $2000 or any part thereof referred to in said contracts of September 4, 1923, less $525 received by plaintiff from said Donovan.

"The court instructs the jury that if you find from the evidence that the defendant was at all times ready and willing to execute a contract for deed with Donovan as called for in his contract with Donovan of September 4, 1923, then your verdict shall be for the defendant."

It is the well-settled law in this State that a third party for whose benefit a contract is made, may maintain an action in his own name against the promisor on the promise. [St. Louis v. Wright Con. Co., 202 Mo. 451; Shockley v. Booker, 204 S. W. 569; Bank v. Commission Co., 139 Mo. App. 110; Bank v. Leyser, 116 Mo. 51; State v. R. R. Co., 125 Mo. 596; Porter v. Woods, 138 Mo. 539; Crow v. Stinde, 156 Mo. 262.]

It is also well settled that not every promise made by one to another, the performance of which would be of benefit to a third, would give a right of action to such third person. The test seems to be that the contract must be made for the benefit of the third person as its object, and he must be the party intended to be benefited. [Gate City National Bank v. J. S. Chick, Jr., et al., 170 Mo. App. 343; Porter v. Woods, 138 Mo. 554; Howsman v. Water Co., 119 Mo. 304; Market v. Telegraph Co., 2 Mo. App. 80; Hill v. Railroad, 82 Mo. App. 188; State ex rel. v. Loomis, 88 Mo. App. 500; Scheele v. Lafayette Bank, 120 Mo. App. 611; Bank v. Commission Co., 139 Mo. App. 110.]

The evidence shows that the contract between Farris and Pitts recited that Farris was to receive $2000, and that the farm was sold to Donovan. There was a consideration for this contract between Farris and Pitts. A contract was immediately made between Pitts and Donovan. If this contract had been carried out, the $2000 mentioned in the contract between Farris and Pitts would have enured to the benefit of Farris. We think one of the objects of the contract was the benefit to Farris. It was necessary however, that Pitts and Donovan should carry out their contract before Farris could benefit. If Donovan was unable or unwilling to carry out his contract, then Pitts would not be liable. If, on the other hand, the said

Donovan did carry out his contract, Pitts would receive the $2000 due Harris and be liable therefor to Farris or Donovan would pay Farris.

There was evidence that Donovan did not carry out his part of the contract, and if so, Pitts could not be held liable. Upon the other hand there was evidence that Pitts refused to carry out his contract with Donovan. This is a question of fact to be submitted to the jury. In this connection it would be a defense if Donovan could not carry out his agreement. This issue was submitted in the instruction requested by the defendant and refused by the court.

We think the instruction asked on the part of Pitts was correct, and for that error the court properly granted a new trial.

While the court granted the new trial on other grounds, the appellate court is not confined to the grounds assigned by the trial judge, but will affirm the court's action if it appears that error has been in fact committed, which error would warrant the granting of a new trial. [Gass v. Railway, 232 S. W. 160; Rasch v. Insurance Co., 232 S. W. 183; Shartzer v. Railway, 25 S. W. 950; Thurman v. Wells, 251 S. W. 75.]

The judgment is affirmed and the cause remanded for a new trial. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.