No. 35,157

WALTER T. CHANEY and LAWRENCE J. RICHARDSON, a Partnership as CHANEY AND RICHARDSON, *Appellants*, v. RALPH W. EDMONDS, County-Treasurer of Jefferson County, et al., *Appellees*.

(113 P. 2d 81)

Opinion filed May 10, 1941.

*Walter T. Chaney* and *Lawrence Richardson*, both of Topeka, for the appellants.

*James S. Lester*, county attorney, and *James F. Swoyer*, of Oskaloosa, for the appellees.

The opinion of the court was delivered by

HOCH, J.: This was an action to recover damages from a county treasurer and the bonding company, surety on his official bond, for refusal to cash a warrant issued by a drainage district. Plaintiffs appeal from an order sustaining defendants' demurrer to the petition. The principal question presented is whether the warrant showed upon its face that it was improperly drawn, and if it did so show, whether the county treasurer acted within his powers in refusing to cash it.

Formal parts of the petition need not be recited. Plaintiffs, at-

torneys at law, alleged that Stonehouse Drainage District No. 1 in Jefferson county had deposited its funds with the county treasurer as required by law; that among such funds was a fund "designated as a *Special Improvement Fund*, being the proceeds from the sale of certain bonds, the proceeds of which were to be used in the construction of a certain drainage project" (italics ours) within the drainage district; that on February 29, 1940, the directors of the drainage district executed and delivered to them a warrant "drawn upon the *Bond Fund*" (italics ours) in the sum of $500; that the county treasurer had refused, after demand, to cash the warrant; that by virtue of such refusal they had been forced to expend certain sums aggregating $50 "in attempting to get the county treasurer . . . to perform his duty as county treasurer and pay said warrant"; that thereby they had been damaged in the sum of $552, for which amount judgment was asked. The warrant, which was attached to and made a part of the petition, was as follows:

"To Ralph Edmonds February 29, 1940, County Treasurer, Jefferson County, Kansas.

"Pay to the order of Chaney and Richardson the sum of five hundred 00/100 dollars out of the Bond Fund, for retainer for legal services."

On May 20, 1940, defendants demurred to the petition on the grounds that the court had no jurisdiction of the defendants, that the plaintiffs were without legal capacity to sue, and that the petition did not state facts sufficient to constitute a cause of action. Oral arguments on the demurrer were heard, written briefs presented, and on November 4, 1940, the demurrer was sustained, and the plaintiffs given time to amend or otherwise plead.

Appellants' first and second assignments of error are, in substance, that the journal entry, prepared by counsel for appellees, contained no statement of the grounds upon which the demurrer was sustained; that they returned it to counsel without approval, and with a request that such statement be incorporated therein in order that they be so advised in the event they cared to amend; that the trial court refused to comply with the request, and approved the journal entry without fixing a time for a hearing, with notice to appellants, to determine its contents. (G. S. 1935, 60-3827, rule 49.)

We shall give only brief attention to the above assignments of error, inasmuch as appellants have not discussed them either in their brief or oral argument, and apparently rest their appeal upon other grounds. Suffice it to say that appellants do not contend that the

journal entry does not correctly recite the judgment that was announced, but only urge that the trial court should have stated the grounds upon which the demurrer was being sustained. The provisions of G. S. 1935, 60-3827, rule 49, here pertinent, which relate to the preparation and presentation of journal entries, and to the procedure to be followed in case opposing counsel are unable to agree on a journal entry, relate to the form and contents of the journal entry as a true recital of the order or ruling made, and not to what the court should or should not have done in connection therewith. It is agreed that the trial court did not state the grounds upon which the demurrer was being sustained. But even where the trial court does state reasons for its judgment, which upon review are not considered good reasons, we have held—following the general rule—that the trial court's reasons are of little consequence if the judgment itself is correct, and in such cases have refused to disturb the judgment. (See *In re Estate of Dennis*, 146 Kan. 121, 126, 68 P. 2d 1083, and cases therein cited.) In any event, if appellants believe that refusal to state the grounds constitutes prejudicial and reversible error they have not raised that issue merely by refusing to approve a journal entry which correctly reflects what the trial court actually did. Furthermore, we are unable to say, after carefully examining the record, that appellants' rights have been prejudiced by failure of the trial court to announce its reasons for sustaining the demurrer.

The real issue here is whether, on the facts alleged in the petition, the county treasurer was justified, under the law, in refusing to cash the warrant. The warrant was to be paid *"out of the bond fund for retainer for legal services"* (italics ours). It may be noted that the petition does not allege the maintenance in the county treasury of a drainage district fund designated as *"bond fund."* It alleges a fund designated *"Special Improvement Fund,* being the proceeds from the sale of certain bonds," etc. (Italics ours.) However, appellees make no point of this discrepancy, and for present purposes we shall assume that a warrant so drawn indicated with sufficient definiteness that it was to be paid from the "Special Improvement Fund."

Appellants contend that the duties of the county treasurer in the matter are ministerial in character, that the warrant was properly drawn upon the bond fund, was regular on its face, and that he was without authority to refuse payment. As to the duty of the county treasurer, appellants rely principally upon G. S. 1935, 24-415. That section is a part of the drainage district act of 1905, as amended, which is here applicable, and reads as follows:

". . . the county treasurer shall pay out of the funds in his hands belonging to any district situated within his county all written orders signed by the president, countersigned by the treasurer, attested by the secretary, and authenticated by the seal of such district."

Appellants argue that since the warrant showed on its face a compliance with the statutory requirements above quoted, it was the duty of the treasurer to pay it. But the entire duty of a county treasurer in such a matter is not covered by the provision cited from the drainage act, and that statute must be considered in connection with the general statutes defining the duties of the treasurer. G. S. 1935, 10-806, reads as follows:

"It shall be the duty of the treasurer of any county, city, township, school district or board of education to pay on presentation *any warrant properly drawn on any fund* in his custody by virtue of his office, and when paid write across the face of such warrant the word 'Paid,' in red ink, and sign the same: *Provided,* That there is sufficient money in his possession belonging to the fund upon which such warrant is drawn to pay the same." (Italics ours.)

Was this warrant to pay attorney fees "properly drawn" on the bond fund? G. S. 1935, 24-428, which is another section of the drainage district act of 1905, as amended, reads:

"The compensation of the directors, assessors, engineers, and attorneys employed by the board of directors *shall be paid out of the general fund* hereinbefore authorized." (Italics ours.)

Appellants contend that this section refers only to payment of attorneys in connection with the general business of drainage districts, and not to services in connection with special projects within a district which may be provided for by special assessment according to the benefit derived against only part of the property in the district. We find no basis in the statute for that construction. The section follows immediately after other sections of the drainage district act providing for plans and specifications, estimates, report of engineers, issuance of bonds to be paid for by the levy of general taxes, or by the levy of special taxes or assessments, elections upon bond issues, methods and manner of assessment, equalization proceedings, letting of contracts, compensation of directors and assessors, etc. Without qualification or reservation it provides that directors, assessors, engineers and attorneys are to be paid *from the general fund*. Also pertinent to the issue here is G. S. 1935, 24-432, another section of the same act, which provides:

"The [special improvement] bonds . . . shall be sold by the board of directors as provided by law. *No part of the same or of the proceeds thereof*

shall be used for any other purpose than the payment of the *cost of improvements* for which they were issued." (Italics ours.)

It follows that a warrant to pay attorneys, drawn upon any fund except the general fund, is not "properly drawn."

Appellants discuss the nature and difference between general expenses paid for out of general funds, and expenses incident to special improvements to be paid out of proceeds from special assessments, and cite various decisions of this court which emphasize the difference. This familiar distinction between general funds and special funds is clear enough, but determines no issue here. The argument that all expenses incident to a special project within a drainage district to be paid by special assessment on the benefited property should be paid from the special fund created in connection therewith may be good argument. But the trouble is that as far as the pay of drainage district directors, assessors, engineers and attorneys is concerned the legislature has not so provided. Such expenses must be paid from the *general fund.* Cases cited, dealing with other expenses, incident to special assessment projects, and not included in those enumerated in section 24-428, *supra,* are not in point, and need not be discussed.

Being properly advised by the county attorney that attorney fees could lawfully be paid only out of the general fund, the county treasurer properly refused to honor the warrant. Although the duties of a county treasurer are in large part ministerial, the rule has often been stated that public officers cannot be required to perform ministerial acts which would effectuate unlawful acts or purposes on the part of other officers who may be clothed with broader powers of administration or discretion. (*Hawkins v. Gregory,* 138 Kan. 477, 483, 26 P. 2d 247; *State, ex rel., v. Younkin,* 108 Kan. 634, 637, 196 Pac. 620; *National Bank v. Heflebower,* 58 Kan. 792, 51 Pac. 225.) It follows that they are not liable in damages for refusal to do so.

What has been said involves no question concerning the need or good faith of the employment of the attorneys in the instant case, or of the value of services rendered. Such issues are in no way before us.

The petition did not state facts sufficient for the recovery of damages against the county treasurer. It follows that there could be no recovery from the bonding company, surety on the official bond. The demurrer was properly sustained, and the judgment is affirmed.