Albert J. YONKE, Plaintiff-Respondent,

v.

ESTATE of Mary ALBER, deceased, James H. Fender and Ruby Fender, Administrators, Defendants-Appellants.

No. 23397.

Kansas City Court of Appeals.

Missouri.

Dec. 4, 1961.

Richard H. Musser, Holden, Garrett R. Crouch and C. B. Fitzgerald, Warrensburg, for appellants.

Phillip C. Houx, Warrensburg, W. F. Daniels, Fayette, for respondent.

BROADDUS, Judge.

This is an appeal by the administrators of the Estate of Mary Alber, deceased, from a judgment in favor of Albert J. Yonke, in the sum of $10,000. We have jurisdiction of the cause by reason of Sect. 477.040 (as amended 1959) V.A.M.S.

The facts are undisputed. Mary Alber and Dan Alber were husband and wife residing in the State of Kansas. One child had been born of this marriage. In November, 1956, Mrs. Alber sued her husband for divorce in the State of Kansas. Mr. Yonke, the claimant here, represented Mrs. Alber, and Mr. Hilary Bush represented Mr. Alber in the divorce action.

There were negotiations relative to a property settlement between the parties and their attorneys off and on from the time the suit was filed until the 20th day of May, 1957, on which date the property settlement agreement was signed by Mary and Dan Alber and duly acknowledged. The only portion of this settlement agreement (Exhibit 3) in issue here is paragraph 15, which is as follows:

"15. It is further agreed that the real estate commonly known as the Pleasanton, Kansas, farm and more fully described as follows * * * shall be, co-incident with the signing of this agreement, transferred and conveyed to Thomas J. Gill, as trustee, with instructions to said trustee to sell said farm and to apply the proceeds of said sale first, to the cost of making the sale, second, to the payment of attorney's fees in the amount of $10,000.-00 each to Albert J. Yonke, Attorney for First Party, and Hilary A. Bush, attorney for Second Party. Any surplus remaining shall be paid over to the party of the first part. The second party agrees to pay all taxes due and payable at the signing of this agreement and to pay for the costs and expense of a title policy or for the examination of this abstract."

On May 22, 1957, the land described in said paragraph 15 was conveyed to Mr. Gill, as trustee. He has never reconveyed any portion of this real estate.

On June 12, 1957, Mrs. Alber was divorced from Mr. Alber in the District Court of Johnson County, Kansas. The full decree is shown by appellants Exhibit 4, which included the full property settlement heretofore mentioned, except Paragraph 15. This decree was filed in the Kansas Court on September 12, 1958, and has on it the word "approved" by "Albert J. Yonke, attorney for First Party." On June 20, 1957, the Kansas Trial Court by Journal Entry disapproved the provision in the settlement as to attorney fees.

On January 9, 1959, Mrs. Alber died in Kansas and in the same month of the same year appellants were appointed co-administrators of her Missouri estate. Prior to that time the last Will of decedent had been admitted to probate in Kansas and an executor appointed in that State.

On October 8, 1959, respondent Yonke filed a demand in the Missouri estate of deceased for $10,000 on account of legal services performed by respondent at the request of deceased. In said demand, respondent

stated that he held certain real estate in Kansas as security for his claim. This real estate described in his claim was the same as that set out in Paragraph 15 of the property settlement agreement and which had been transferred to Mr. Gill as trustee.

On February 25, 1960, Honorable William M. Kimberlin, Judge of the Circuit Court of Johnson County, sustained claimant Yonke's Motion to strike paragraphs 2, 3 and 4 of appellants' answer. On April 27, 1960, appellants filed an application for change of venue on the ground that Judge Kimberlin was prejudiced against them. The application being sustained, the Honorable Sam C. Blair, Judge of the 19th Judicial Circuit, was called in to try the cause. The case came on for trial on December 27, 1960, and at the conclusion of the evidence the trial court directed a verdict in favor of respondent Yonke.

Respondent has filed a motion to dismiss the appeal herein on the ground that appellants' brief does not contain a fair and concise statement of the facts, and that their Points are general abstract statements and present nothing for review. We have concluded that the questions posed for determination are clear and thus the motion should be denied and the case decided on its merits.

Appellants' first contention is that the court erred in failing to direct a verdict for them at the close of all the evidence. They argue that respondent is suing on the contract (Exhibit 3) and shows no breach thereof. What their contention really amounts to is that respondent must look to the security specified in Clause 15 of the contract between Mr. and Mrs. Alber for payment of his claim.

■ As stated decedent's estate was opened in Johnson County, Missouri, where respondent filed his claim. Such proceedings are now, by the new Probate Code, *original* proceedings and not ancillary or dependent upon the proceedings in the State of domicile of deceased, Sect. 473.668 V.A.

M.S. In said demand so filed by respondent, he described the security therefor, as required by Sect. 473.387 V.A.M.S. It is well settled in Missouri, and elsewhere, that a claimant may file a demand for the full amount of his claim against an estate *or* he may resort to his security. Day v. Graham, 97 Mo. 398, 11 S.W. 55; 34 C.J.S. Executors and Administrators § 368, p. 97. As stated in Sect. 473.387 V.A.M.S., the claimant must describe his security (which respondent did) and the claim shall be allowed "in the same amount as if it were unsecured." Said statute goes on to say that: "Nothing in this law shall be construed to compel the creditor to surrender his security until he receives payment of [the] debt in full, or he is paid the value of the security."

■ Respondent offered as evidence of his claim the contract entered into between Mr. and Mrs. Alber (Exhibit 3), which was admitted without objection by appellants. Said contract was relevant to prove the amount of the demand, the reason for the demand, and the services rendered by respondent to deceased. As said by our Supreme Court in the case of Muench v. South Side National Bank, 251 S.W.2d 1, 5: "Evidence of the express promise to pay and the agreed compensation, was admissible to show an intention on the part of the deceased to pay for the services, that plaintiff expected payment and the value the parties put upon them."

■ Appellants in their brief say "the trustee did not and has not performed his trust," and "decedent never did anything to hinder or delay the performance of the agreement by the trustee." In other words, their argument is that respondent can only be paid from the proceeds derived from the sale of the security. This position is unsound in view of the specific Missouri statutory authority to the contrary. Appellants call our attention to the case of Farris v. Pitts, 221 Mo.App. 1204, 300 S.W. 840. That case has no bearing on the instant case. In our opinion, the court did not err

in refusing to direct a verdict for appellants.

Appellants next contend that respondent waived his rights to his fee. Six grounds of waiver are asserted by appellants. No. 1 is that respondent failed to advise decedent to appeal from the decision of the Kansas Court. In this connection, it is to be kept in mind that respondent was not a party to the action in Kansas. His client was awarded a default divorce and granted the relief prayed for. Yet, appellants say she should have appealed. From what, and for what purpose it may well be asked. Waiver No. 2 (prevailing on decedent to acquiesce in said decision) is not briefed and argued, which is understandable as there is no evidence in the record or offer of proof with respect thereto. No. 3 is "approval of the action of the Kansas Court by affixing his signature to the final decree of the court." It is clear that respondent, by signing the journal entry, was merely approving the *form* and contents of the judgment which was already a final judgment. By so doing respondent was in no wise approving the action of the court. The law of Kansas so states. Sect. 60–3827, Rule 49 G.S. of Kansas, 1935; Chaney v. Edmonds, 153 Kan. 668, 113 P.2d 81; Gates v. Gates, 160 Kan. 428, 163 P.2d 395 (1945). Appellants next mention waiver No. 4, wherein respondent "asserted no claim for a period of time." The record is silent as to respondent's efforts to collect his fee. Certainly no statutory prohibitions were violated by respondent, and appellants cite no authority in support of this contention. Waiver No. 5 (claiming the security) is likewise abandoned, as well it might be, in view of Sect. 473.387 V.A.M.S.; and waiver No. 6 (acceptance of $1000) is also abandoned, which is understandable because said fee was paid December 4, 1956, and long prior to the agreement to pay the fee here involved.

■ A "waiver is an intentional relinquishment of a known right." Schwab v. Brotherhood of American Yeomen, 305 Mo. 148, 264 S.W. 690, 692. There is no evidence of waiver, as that term is known in the law, in the instant case.

■ In their brief appellants argue that the trial court erred in refusing to admit in evidence the pleadings filed by respondent in a Kansas Court action to quiet title. No such error is alleged in the motion for new trial nor is such error set forth in appellants' Points and Authorities. This violates our Rules of Civil Procedure, 83.05(e). We have, however, examined the contention and find that it lacks merit.

■ Appellants' last point is that the trial court erred in directing a verdict for claimant for the reason that the contract sued on was an oral contract. It is true that the evidence was to the effect that the agreement to pay attorneys fees was entered into orally soon after the divorce suit was filed. It is also true that the general rule is as stated in the case of Daly v. Schaefer, Mo.App., 331 S.W.2d 150, 154, cited by appellants, that "where plaintiff's proof rests on oral testimony he is not entitled to a directed verdict, and this is true even though defendant offers no evidence * * *." But this rule has its exceptions, one of which is "where there is no real dispute of the basic facts supported by uncontradicted testimony essential to a claim or an affirmative defense." Rogers v. Thompson, 364 Mo. 605, 265 S.W.2d 282, 287. Citing many cases.

Appellants have resisted this claim on the theory that deceased did not breach her agreement to pay respondent, and that respondent waived his right to a fee. They *do not claim that deceased did not owe respondent.* How could they in view of deceased's solemn *written* acknowledgment that the fee in a *definite* and *fixed* amount was due?

Furthermore, appellants' counsel in his opening statement, referring to the property settlement (Exhibit 3) stated: "Mr. Yonke was to have $10,000 for his attorney fees and that the other attorney was to

have $10,000 for his fee." And by their objection to a question asked of Governor Bush they, in effect, conceded that the fee was proper and reasonable. Three witnesses for respondent, Alber, Bush and Baker, testified unequivocally to deceased owing respondent and that she acknowledged such indebtedness. There is no evidence in the record to the contrary and, in fact, not one shred of evidence to cast even a doubt on this obligation.

The judgment was for the right party and should be affirmed. It is so ordered. All concur.