GEORGE J. SCATTERGOOD v. A. B. MARTIN *et al.*—
CHARLES E. ELLIS v. A. B. MARTIN *et al.*
Nos. 8872, 8873.

1. APPELLATE PROCEDURE—*right judgment not reversed because rendered on wrong theory.* Where the judgment rendered by the trial court is supported by the undisputed evidence in the case, and must necessarily have been rendered under the law, on the facts presented, it will not be reversed because the trial court adopted a wrong theory of the law, and based its judgment on such erroneous theory.

2. ———— *above rule applied to particular case.* Plaintiff was the owner by assignment in blank of a mortgage executed to a mortgage company. An action was brought by another mortgagee of the same property, making the mortgage company and many other persons claiming interests in and liens upon the property defendants, of which action the plaintiff had no notice, and to which he was not made a party. Afterward he brought this suit against most of the parties to the prior action to foreclose his mortgage. The trial court erroneously held that the judgment in the prior action was conclusive and binding on the plaintiff, but the evidence in this case shows that the liens of the defendants are prior to that of the plaintiff, and the judgment rendered is such as ought to have been rendered on the uncontradicted testimony introduced. *Held,* that the judgment will not be reversed merely because a wrong reason was given for its rendition.

*Error from Rice District Court.*
*Hon. W. G. Eastland, Judge.*

AFFIRMED.                    OPINION FILED DECEMBER 5, 1896.

*Ivan D. Rogers,* for plaintiffs in error.

No appearance for defendants in error.

ALLEN, J.    Two cases are submitted together.    Both were cases to foreclose mortgages executed by Emanuel Johns and wife to the Southern Kansas Mortgage Company.    Each mortgage was for $2,500.    The one under which Ellis claims covers lot 8, and the one sued on by Scattergood covers lot 9 in block 3 in the city of Lyons.    Both plaintiffs claim under assignments executed in blank by the Southern Kansas Mortgage Company.    The controversy in this Court is between these plaintiffs in error, who were plaintiffs below, and certain persons who claimed mechanics' liens on both lots.    The petitions allege the execution of negotiable bonds, and mortgages securing the same, by Johns and wife to the Southern Kansas Mortgage Company, and the indorsement and delivery thereof to the plaintiffs ; and that the defendants claim liens on the property which are inferior to those of the plaintiffs.    The defendants answered, in substance, that an action had been brought by the Bank of Lyons against the mortgagors and divers other parties claiming an interest in the land under them, the Southern Kansas Mortgage Company, Isaac L. Miller, Colliday and Hartley, and the answering defendants ; that answers were filed in said action in behalf of Miller, claiming to hold one of said mortgages by assignment from the Southern Kansas Mortgage Company, and by Colliday and Hartley claiming under the other ; that in that action a judgment was rendered in favor of these defendants, establishing the validity of their liens, and adjudging them prior to the lien of the mortgages of plaintiffs in these cases.    On the trial, the record mentioned in the answers was introduced in evidence ; and the Court held that the judgment rendered in the action brought by the Bank of Lyons was conclusive on the plaintiffs.

The theory of the Court seems to have been that, as no
assignment of the mortgages had been recorded, the
holder was bound by a judgment in an action to which
the original mortgagee was a party. The brief on be-
half of the plaintiff in error is devoted to showing the
fallacy of this position, and to proving that the owner
of the mortgage had the right, at any time before
actual sale of the land under the prior judgment, to
bring his action against all persons interested and
establish the priority of his lien notwithstanding
the former judgment. It appears from the record
that, in the prior suit, the defendants in error
claimed liens on both lots under the mechanic's lien
law; that a building covering both lots. was con-
structed by the owners of the land, and that their
claims for such liens were prosecuted to final judg-
ment in that action. The record of the judgments,
as well as the pleadings on which they were based,
was put in evidence in this case, and no attack is
made on the validity of the judgments as against the
owners of the property. The only question raised
was, and is, as to their priority. The mortgages un-
der which the plaintiffs claim are dated June 1, but
were not acknowledged till June 14, 1887. There
was evidence introduced at the trial showing that
work on the building, on account of the construc-
tion of which the defendants claim liens, was com-
menced between the 1st and 20th days of May
preceding. Several witnesses testified to this effect,
and we are unable to find any evidence in the record ·
contradicting them. This matter is not mentioned
in the brief for plaintiff in error, and no one has ap-
peared in this Court for the defendants in error.
Conceding that the Court erred in holding the prior
judgment conclusive and binding on the plaintiff, it

yet appears from all the evidence in the case that the defendants had valid liens on the property, which they had duly prosecuted to judgment within the time prescribed by the statute ; and it also appears that their liens were prior and superior to that of the plaintiff under his mortgage. The judgments, therefore, seem to be right although the reason for rendering them may be wrong. As the plaintiffs were given judgments against the mortgagors, and for a foreclosure of their mortgages subject to the prior liens of the defendants, we do not perceive that they have any just ground for complaint.

The judgments in both cases are affirmed.

All the Justices concurring.