No. 19,762.

PAULINE RAEDELL, *Appellee*, v. LESLIE L. ANDERSON and M. REDDY, *Appellants*.

### OPINION ON REHEARING.

#### SYLLABUS BY THE COURT.

1. LICENSE—*Use of Stairway—Revocation—Acquiescence.* In 1883 the grantor of the plaintiff owned a part of a city lot in Harper. The grantor of the plaintiff and the grantor of the defendant jointly owned an adjacent part of the same lot. Buildings were erected on these grounds, and a stairway was made in the building exclusively owned by plaintiff's grantor which gave access to the upper floor of defendant's building, and defendant's grantor used the stairway. Later the stairway was closed, without objection from defendant's grantor or from defendant, and remained closed for over twenty years. *Held,* that whether the use of the stairway was a license or merely permissive, the closing of the stairway and acquiescence for over twenty years were in effect a revocation of the right to its use.

2. LICENSE—*Use of Stairway—Foreclosure—License Cut Off.* A claim of right to use a stairway as an appanage to adjacent property is cut off by a judgment of foreclosure in which the owner of the adjacent property is barred from all right, title or interest in the property

which includes the stairway.    Such judgment also bars all right to
the space over the stairway.

3. INJUNCTION—*Trespass on Real Estate.*   Injunction is a proper remedy
   against trespassers on real estate, and a jury trial is not demandable
   as a matter of right in a suit against such trespassers.

4. LICENSE—*Use of Stairway—Prescriptive Right.*   No prescriptive right
   in realty arises unless the owner of the property has notice of the
   exercise of that right and of a claim thereto, or unless the exercise of
   the right is so visible, open and notorious that notice may be presumed.

5. PLEADINGS—*Amendment to Petition—Allowed at Chambers.*   No re-
   versible error can be predicated upon an order of the district judge at
   chambers allowing the filing of an amended petition and of additional
   parties defendant, when the issues are thereafter made up and the
   cause fully tried out and where no prejudicial result can be traced to
   such irregularity.   (Civ. Code, §§ 141, 581.)

6. TRIAL—*Evidence—Findings—Conclusions of Law.*   Findings of fact
   examined and found established by the evidence, and conclusions of
   law based thereon examined and held to be free from error.

Appeal from Harper district court; PRESTON B. GILLETT,
judge.   Opinion filed December 11, 1915.   Affirmed.   (Not re-
ported.)     Opinion on rehearing filed June 10, 1916.   Re-
affirmed.

*George E. McMahon,* of Anthony, and *Leslie L. Anderson,* of
Harper, for the appellants.

*Andrew G. Washbon,* of Harper, and *T. A. Noftzger,* of
Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: In this action the appellants were enjoined
from using a stairway and an alcove above the stairway in a
building belonging to plaintiff in the city of Harper.

Lot 12 in Harper has a twenty-five-foot front to the south,
facing Main street, and extends to the north over one hundred
feet, and is bounded on the east by Central avenue.   In 1883
W. M. Glenn owned the south eighty-three feet of this lot,
upon which he had a two-story building facing Main street
and extending northward sixty feet on Central avenue.   The
next twenty-three feet, belonging to Glenn, was vacant.   Next
to this was seventeen feet of the same lot, which belonged to
Glenn and one H. C. Munger jointly.   Glenn and Munger

erected a two-story building on this forty feet facing Central avenue; that is, on the twenty-three feet owned by Glenn individually and on the seventeen feet owned jointly by Glenn and Munger. A stairway to the second floor was constructed on that part of the property which exclusively belonged to Glenn. This stairway gave access to the second floor, both north and south. It was used by the grantor of defendant Reddy for some years. Over the stairway was a space (called an alcove) which served as a closet part of the time for the second-floor rooms over the seventeen feet owned by Glenn and Munger jointly.

In time the sixty-foot building and twenty-three feet of the second building and the entire upper floor of both buildings were occupied by one tenant, and he closed the stairway and walled up the entrance. It remained closed for over twenty years. As time went by, other persons came to own the property. The north seventeen feet of the second building became the property of defendant Reddy. For some years it was used as a barber shop and its second story was a suite of bathrooms conducted by the barber tenant, and access to the bathrooms on the second floor was obtained through a stairway in the barber shop. The plaintiff some years ago became the owner of the south eighty-three feet and decided to make a residence for herself on the second floor, and to that end she reëstablished and renewed the stairway as a private access to her upstairs quarters, and put in a door at the foot of the stair which she controlled by a lock and key.

Defendant Anderson is the tenant of defendant Reddy and occupies the second floor of the seventeen-foot building as an office. It was to prevent her private stairway from being used by the defendants, and incidentally by the public, that this suit was brought.

The district court disposed of the controversy in twenty-one findings of fact and six conclusions of law based thereon. The findings of fact recite that in 1886 the tenants of the property exclusively owned by Glenn, and now owned by the plaintiff, closed and walled up the outside entrance to the stairway in dispute and made an entrance into it from the inside of the store building, and some time later the same tenants also leased and occupied the upper floor of defendant

Reddy's seventeen-foot building. One or two years later, which would be about 1888, these tenants discontinued the use of the second floor of the Reddy property. The Reddy building was then leased for a barber shop and Reddy built an inside stairway to reach his second floor, and this means of access was used for several years. In March, 1901, the plaintiff purchased the Glenn property, that is, the original sixty-foot property and the twenty-three feet next to it on the north, which included the stairway, to which access was had from the inside, and the original outside entrance which had been walled up in 1886 by Glenn's tenants. In July or August, 1902, the plaintiff reopened the outside entrance to the stairway and leased the upper floor of her property to the Knights of Pythias. She put in a door and lock at the entrance of the stairway and gave her tenants the key. This tenancy continued for five or six years. This would carry the situation down to 1907 or 1908. About 1907 Reddy rented the second floor of his building for a real-estate office and his tenant used the stairway in dispute. About two years later, Anderson, one of the defendants and a tenant of Reddy, likewise used the stairway. The plaintiff had acquired the property in 1901 and had no notice or knowledge that any one claimed the right to use the stairway; and she did not know that Reddy's tenants had used the stairway until about 1909. Not until 1913 did she know that Reddy or his tenants claimed a right to use the stairway.

It will thus be seen that the stairway was closed in 1886. The tenants who closed it ceased to be tenants of the upper floor of the Reddy building about 1888, so that the adverse closing may justly be reckoned from the latter date. While it was reopened in 1902 it was only opened at that time as a private entrance to the lodge of the Knights of Pythias who were plaintiff's tenants. Not until about 1907, "about seven years ago," as the trial court found, was there any attempted resumption of the use of the stairway by Reddy or his tenants. Thus the adverse closing began about 1888 and continued at least until about 1907. We gather all these incidents from the court's findings of fact, although we have diligently consulted the original record to verify them, and since they are based upon some competent evidence it can not affect their conclusive force that there may be other conflicting testimony.

From this it will be seen that the trial court did not commit material error in its second conclusion of law, which reads:

"By reason of the fact that the said stairway was closed up by the tenants of Glenn, who was interested in all of the property immediately north and immediately south of the stairway, and said stairway remained closed for more than twenty years without objection, the license to use the stairway by the owners of the property north of the same was revoked."

The trial court did follow up this finding and conclusion with two others, both of which are just as potent as the one depending upon the statute of limitations. One of these was a foreclosure proceeding on the Glenn property in 1890, in which Thomas S. Moffett, Reddy's grantor and predecessor in title to the seventeen-foot property, was made a defendant, and in the final judgment was barred of all right, title and interest in the Glenn or plaintiff's property. Surely that judgment cut off Moffett's right and consequently Reddy's right to use the stairway in plaintiff's property. The plaintiff purchased the property with the stairway closed and unused, on the faith of a judgment barring Reddy's grantor of any interest, and without any notice of any claim by anybody to use that stairway; and while these incidents are unnecessary to strengthen the exclusive right of plaintiff to this stairway, under nineteen or twenty years' adverse possession, they do show other appropriate and unassailable grounds upon which the judgment for plaintiff on this phase of the case securely rests.

Much stress is laid by the defendants upon the district court's refusal to grant a jury trial on the question of the right to use the alcove or space over the stairway. In constructing the building, the space over the stairway opened into the second floor of Reddy's part of the property. It did not open directly into the upper floor of plaintiff's property. On this subject the court made the following finding of fact and conclusions of law:

"Fourteen. About two years ago the defendant, Anderson, removed the partition north of the stairway in the second story rooms and placed the partition in such a manner that he made a new room composed partly of the space above the stairway in question, and has ever since been using the same. This partition was removed and changed as above stated, and the space above the stairway was used by the defendant, Anderson, without the knowledge or consent of the plaintiff.

Raedell v. Anderson.

"Five. No permission or license was ever given, to the defendants, or either of them, to use and occupy the space over the stairway; and by the use and occupation of the same, they have not acquired any interest therein or right thereto adverse to the plaintiff.

"Six. The defendant, Anderson, since the service of notice on him by the plaintiff, has been a continuous trespasser on the said stairway and in the space over the same, and in his acts he has been aided and assisted by the defendant, Reddy."

The original use of the space over the stairway was no more than permissive and such use would confer no right nor give rise to such right. (*Railway Co. v. Conlon*, 62 Kan. 416, 420, 63 Pac. 432; *Insurance Co. v. Haskett*, 64 Kan. 93, 67 Pac. 446; 14 Cyc. 1150.) Furthermore, any claim of right was barred by the foreclosure proceedings. Moreover, the plaintiff had no notice of defendants' use of this space or of their claim thereto until shortly before this lawsuit began. Unless this use of the space over the stairway was with the knowledge of the plaintiff, or at least so visible, open and notorious that her knowledge would be presumed, no prescriptive right to its use would arise. (14 Cyc. 1148.) We think the trial court's finding that the defendants were mere trespassers on the space over the stairway was correct, and they were properly enjoined therefrom. (22 Cyc. 836.) On neither of the main features of this case does *Smyre v. Kiowa County*, 89 Kan. 664, 132 Pac. 209, affect it, since here all the pertinent facts are found against defendants' contentions.

A separate brief is filed herein by defendant Anderson, the tenant of Reddy, in which much skill and learning is shown in supplementing the argument of Reddy's counsel; but it, too, is largely based upon that portion of the evidence which apparently did not impress the trial court; and since we have determined that the findings made by the court were based upon some substantial evidence, it can avail naught that other and contradictory evidence was also presented. No error is assigned on Anderson's plea in abatement. It may be conceded that the allowance of the amended petition and of additional parties defendant by the judge at chambers outside the county was irregular, but no prejudice to defendants' substantial rights is traceable thereto, and we are forbidden to reverse a case on mere technical grounds

when the net result approximates substantial justice. (Civ. Code, §§ 141, 581; *Root v. Packing Co.,* 94 Kan. 339, 345, 147 Pac. 69; *Elevator Co. v. Harrison,* 97 Kan. 289, 293, 154 Pac. 1016.)

After two hearings in this case, we find no tangible ground upon which to base a reversal, and the judgment is therefore reaffirmed.