No. 21,895.

C. E. HESS and A. W. HESS, *Appellees*, v. ·F. A. HESS, *Appellant*.

SYLLABUS BY THE COURT.

1. LANDLORD AND TENANT — *Wrongful Disposition of Rents — Injunction—Receiver Appointed—No Reversible Error*. Landlords procured an injunction enjoining their tenant from removing, selling, or disposing of the landlords' share of the crop. A receiver was appointed to take charge of the crop, and· he afterward sold it. Judgment was rendered for the plaintiffs, and the receiver was ordered to turn the money over to them. *Held*, that the judgment should not be reversed, although the landlords had the right to attach, to sue in replevin, or to sue for damages.

2. SAME—*Sufficient Petition*. The petition, summarized in the opinion, stated a cause of action.

3. SAME—*Injunction—Jurisdiction of Court*. A district court has jurisdiction to grant an injunction, and although it may be erroneously granted, yet the final judgment, if it is one that should be rendered, will not be reversed because of the injunction.

Appeal from Neosho district court; SHELBY C. BROWN, judge. Opinion filed February 8, 1919. Affirmed.

·. *J. Q. Stratton*, of Erie, for the appellant.

*H. P. Farrelly*, and *T. R. Evans*, both of Chanute, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The defendant, who appeals from a judgment against him in favor of the plaintiffs, argues that the petition did not state facts sufficient to constitute a cause of action for extraordinary equitable relief by injunction, and argues that the court did not have jurisdiction to grant an injunction.

The petition, in substance, alleged that the plaintiffs were the owners of certain real property in Neosho county; that in 1916 they entered into a verbal contract by which they leased that property to the defendant for one-third of the grain raised thereon and for all of the straw—the straw to be left on the land; that the defendant, in the fall of 1916, sowed wheat thereon, which, at the time of the commencement of this action, had just been harvested; that the defendant was about to thresh the wheat; that he refused to account to the plaintiffs for the one-third thereof, and would, unless restrained, convert that one-third to his own use; that the defendant threatened to, and would unless restrained, remove the straw from the land and place it on other land, to the damage of the plaintiffs; and that the plaintiffs had no adequate remedy at law. The petition prayed for an injunction against the defendant, enjoining him from selling, disposing of, or encumbering the plaintiffs' one-third of the wheat crop, and enjoining him from removing the straw. The petition also prayed for the appointment of a receiver, and asked that the plaintiffs be decreed to be the owners of the one-third of the grain and of all of the straw.

The defendant answered, and in his answer admitted that the plaintiffs were the owners of the land, but denied all other allegations of the petition. He afterward filed a motion asking for judgment on the pleadings. He also objected to the introduction of any evidence under the petition and, after judgment had been rendered against him, filed a motion for a new trial. Each of his motions was denied, and his objection was overruled.

The trial was without a jury, and the court found:

"That the averments of plaintiffs' petition are true, that in the month of September, 1916, the plaintiffs and defendant entered into a verbal

Hess v. Hess.

contract whereby the defendant was to put out a crop of wheat in the fall of 1916 on the 80 acres of land described in plaintiffs' petition, and that the plaintiffs were to receive as a share thereof, one-third óf the wheat raised on said land and the straw to be left on the land. The court further finds that in the spring of 1917 and before the wheat was harvested, that defendant repudiated the agreement made with plaintiffs for the share of the wheat and for the straw and was refusing to account to plaintiffs for the one-third share of the wheat and was intending to, and would, had he not been restrained, remove the straw from off the land described in plaintiffs' petition, with the intention of using it for his own purpose. The court further finds that the receiver appointed herein at the beginning of the action, has made and filed his report herein, which report is confirmed and approved."

A temporary injunction was granted, and a receiver was appointed. He took possessión of the property and sold it. The court further found that, after paying expenses, there was $686.30 in the receiver's hands, which amount the receiver was ordered to pay to the plaintiffs.

1. The defendant's argument that the petition did not state facts sufficient to constitute a cause of action for the extraordinary relief of injunction, when analyzed, resolves itself into a complaint concerning the remedy pursued by the plaintiffs. If they had resorted to a landlords' attachment, or to an action in replevin, and the wheat had been sold, the judgment would have been exactly the same as that finally rendered. There is nothing to show that the judgment was wrong. The wheat had been sold by agreement between the parties, and the money had been brought into court. That money was directed to be turned over to the plaintiffs. If they were the owners of the wheat, the money arising from its sale belonged to them. The form of the action became immaterial.

Section 141 of the code of civil procedure directs that "any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party must be disregarded"; and section 581 directs this court to "disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudicially affected the substantial rights of the party complaining, where it appears upon the whole record that substantial justice has been done by the judgment or order of the trial court." (*Culbertson v. Sheridan,* 93 Kan. 268, 144 Pac. 268; *Hamilton v. Railway Co.,* 95 Kan.

14—104 KAN.

353, 359, 148 Pac. 648; *Elevator Co. v. Harrison,* 97 Kan. 289, 292, 154 Pac. 1016; *Raedell v. Anderson,* 98 Kan. 216, 158 Pac. 45.)

The statutory provisions control, and the judgment should not be reversed on account of an injunction being granted.

2. The defendant does not argue that the petition did not state a cause of action. That question was presented to the trial court, and was resolved against the defendant. The petition set out the contract between the plaintiffs and the defendant, the violation of that contract by the defendant, and the right of the plaintiffs to one-third of the wheat and all of the straw. The petition stated a cause of action.

3. The defendant's argument that the court did not have jurisdiction to grant an injunction resolves itself into an argument, not that the court did not have jurisdiction to grant an injunction, but that the court erroneously granted it. There is no question about the jurisdiction of the district courts of this state in all kinds of injunction proceedings. 'An injunction may be erroneously granted, but that does not argue that the court did not have jurisdiction to grant it. In the present action, an injunction was granted, possibly erroneously, but the final result was the same as it would have been in any other form of action if the property had been taken into custody by the court.

The judgment is affirmed.