No. 31,536

JOHN G. STUTZ, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF DOUGLAS et al., *Appellees*.

(29 P. 2d 1094.)

Opinion filed March 10, 1934.

*Albert B. Martin*, of Lawrence, for the appellant.
*Richard B. Stevens*, of Lawrence, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal by plaintiff from a judgment *in*

*his favor* in an action to enjoin the defendants from levying and collecting assessments upon a parcel of land owned by him in a tract of platted acreage designated "West Hills" and which is located about a quarter of a mile west of the city of Lawrence.

It appears that in 1931 the board of county commissioners let a contract for the paving of a public way in the platted territory, which at indefinite points throughout its extent was designated as "West Hills Terrace," "West Hills Parkway," and "Stratford Road," and pursuant thereto the paving and its incidents were constructed; and on May 11, 1932, a special assessment of $829.15 was levied on plaintiff's property to pay his proportionate share of the improvement.

In his petition plaintiff alleged that there were irregularities in the platting of the land, indefiniteness in respect to the public way and in restrictions as to its public use; that the public way was in fact three streets or roads; that a majority of the property owners never signed the petition for the improvement; that the county commissioners met only casually and not regularly in their deliberations and transactions in considering the petition and in setting the hearing for protesting taxpayers; and that certain illegal items of expense incurred in checking and perfecting several plats pertaining to the "West Hills" acreage were included in the special assessment. Other objections to the assessments made and threatened against plaintiff's property, needless to be rehearsed, were also alleged in plaintiff's petition.

Issues were joined and the cause was heard at length. The trial court made findings of fact and conclusions of law, and on February 8, 1933, gave judgment in favor of plaintiff, enjoining defendants from—

"Collecting the special assessments or taxes as levied by the resolution adopted by the board of county commissioners on May 11, 1932, on the lands and property of the plaintiff, as mentioned in the petition, to pay for the cost of the improvements, as set out in the petition and according to the evidence, of the tracts of land known as 'West Hills Terrace,' 'West Hills Parkway,' and 'Stratford Road' in territory adjacent to the city of Lawrence, Kan., and in the county of Douglas, known as the 'West Hills District,' . . . and any assessments or taxes that may have been levied against the lands and property of plaintiff for said improvements are hereby set aside and declared not to be a lien against the lands and property of this plaintiff."

On February 11, 1933, plaintiff filed a motion to modify certain of the findings of fact and conclusions of law and for additional

findings of fact and conclusions of law; and on February 23, 1933, he filed another motion to modify the court's conclusions of fact and law as theretofore rendered in this case.

On March 18, 1933, the court made certain additional findings of fact, but did not modify its conclusions of law nor its judgment rendered theretofore.

On March 20, 1933, plaintiff filed a motion for a new trial on the ground "that the decision of the court herein is in part contrary to the evidence."

Defendants moved to strike this motion from the files on the ground that it was not filed within three days from the date of the rendition of the judgment.

Defendants' motion to strike was overruled, and plaintiff's motion for a new trial was likewise overruled.

Plaintiff appeals, setting forth a formidable specification of errors, not one of which, if sustained, would in the slightest degree warrant a disturbance of the judgment *in plaintiff's favor.*

Defendants are not here with a cross appeal, nor otherwise complaining of the judgment entered against them. Plaintiff inveighs against some of the court's findings and against its failure to make other findings, and because the court did not make an *ex cathedra* pronouncement that in no way under the sun can the defendants hereafter undertake to collect assessments from any of the "West Hills" property owners to pay for this road improvement which benefits their property. Since plaintiff's property is rendered immune from such assessments by this judgment, he has no further concern with such matters. Mayhap the other property owners are quite willing to pay, or have estopped themselves from objecting to the assessments. Be that as it may, there is a well-established rule of law that when the judgment of the trial court is correct, an appellate court will not disturb that judgment on the mere ground that it may not agree with the trial court's processes of reasoning whereby it arrived at that judgment. In *State, ex rel., v. Iola Theater Corp.,* 136 Kan. 411, 414, 15 P. 2d 839, it was said:

"The reasons given by the court for its judgment are obviously insufficient to warrant the judgment, but that does not of itself require a reversal of the judgment. If a court renders a correct judgment based upon a wrong theory or gives incorrect reasons for the ruling, the correct judgment will stand. In *La Harpe Farmers Union v. United States F. & G.,* 134 Kan. 826, 8 P. 2d 354, it was said:

" 'It has been decided that a correct decision for which a wrong reason is

given is not material error, and the same is true where a court renders a correct judgment upon a wrong theory of the law.' (p. 828.)

"See, also, *Scattergood v. Martin*, 57 Kan. 450, 46 Pac. 935; *Saylor .v. Crooker*, 97 Kan. 624, 156 Pac. 737; *Hess v. Hess*, 104 Kan. 207, 178 Pac. 750; *Chaput v. Dumars*, 120 Kan. 273, 243 Pac. 311."

A painstaking review of the record makes it clear that plaintiff has no substantial ground on which to base an appeal, and it is therefore dismissed.

THIELE, J., not sitting.