No. 33,237

The State of Kansas, *Appellee*, v. O. A. Keach, O. A. Keach as Executor, Alta L. Handley, and The Children's Home of Wichita, *Appellants*.

(65 P. 2d 598)

Opinion filed March 6, 1937.

*C. L. Kagey, L. M. Kagey,* both of Wichita, for O. A. Keach, *Hal M. Black,* of Wichita, for the Children's Home, and *Roy L. Arterbury,* of Houston, Tex., for Josephine Odom, appellants.

*J. B. Patterson,* special assistant attorney general, for the appellee.

The opinion of the court was delivered by

Dawson, C. J.: This is an appeal from an adverse judgment on defendants' demurrer and motion to dismiss the state's petition to contest a will.

For its cause of action the state alleged that on November 28, 1935, one Sarah Josephine Dennis, a single person and resident of Sedgwick county, died, leaving a considerable estate, and—

· "That the said Sarah Josephine Dennis left no children, nor adopted children, nor children of deceased children, nor children of deceased adopted children, no father, no mother, nor relatives of the blood of any degree of consanguinity surviving her, and died leaving no heirs at law of said Sarah Josephine Dennis, deceased."

The state also alleged that on December 2, 1935, there was filed in the probate court an instrument purporting to be the last will and testament of Sarah Josephine Dennis; that on the same day that instrument was admitted to probate; and that defendant O. A. Keach, who was nominated as executor in the will, was granted letters testamentary and that he qualified as executor and had entered into the discharge of his duties respecting the estate.

A copy of the purported will, which bore the date of September 5, 1935, was attached to the petition. By its terms certain tracts of real estate were devised to various persons, and bequests of sums of

money ranging from $1,000 to $10,000 were made to certain beneficiaries. A bequest of $5,000 was made to O. A. Keach, and the entire residuary estate was devised to him and one of his codefendants, Alta L. Handley.

In plaintiff's petition it was also alleged that for a long time prior to the date of the will, defendant Keach had been attorney for the deceased, that she reposed confidence in him, and entrusted her business affairs to him; and that on September 5, 1935, and for some time prior thereto—

"Sarah Josephine Dennis was under the complete and entire domination and control of said defendant, O. A. Keach, and had no independence of action or mind contrary to the wishes or dictations of the defendant, O. A. Keach, and was entirely helpless to resist the dictations, suggestions, directions or other requests of the defendant, O. A. Keach, and was wholly under his control and domination, and did all things requested, directed or demanded by him to be done in relation to her property or property interests, or what disposition she should make of the same."

Plaintiff further alleged that on September 2, 1935, Sarah Josephine Dennis was subjected to a severe abdominal operation, which caused her great pain, that opiates had to be administered to relieve her suffering, and that such opiates so affected her that for more than ten days thereafter she was of feeble mind and lacked understanding and comprehension, and—

". . . said Sarah Josephine Dennis during all of said time did not know and could not understand or comprehend the contents or the legal effects of any conveyance, legal paper, will or testament or the disposition that she was then and there making of her said properties."

The petition concluded with an allegation that the purported will was invalid on the usual grounds deducible from the pleaded allegations—want of testamentary capacity, want of independent advice, and undue influence.

All the beneficiaries, individual and corporate, were impleaded and filed demurrers to plaintiff's petition. Later Keach, individually and as executor, withdrew his demurrer and filed a motion to dismiss on the grounds that the will had been duly probated, that plaintiff had "no legal capacity and no legal right to bring this action," and because at the time of her death Sarah Josephine Dennis did have heirs and blood relatives. The motion to dismiss also challenged the trial court's jurisdiction, and concluded with a verification.

Certain other defendants filed motions to make plaintiff's petition

definite and certain, but these will not require individual consideration now. In support of the motion to dismiss, two affidavits were submitted—one by a person who was a witness to the will. His verified statement tended to show that the testatrix was quite competent to make her will on the date of its execution, September 5, 1935. The second affidavit was a lengthy statement of a family relationship between the affiant and Sarah Josephine Dennis, which tended to show that the deceased testatrix was not lacking in known heirs and blood kindred.

. The trial court overruled the motion to dismiss, overruled the demurrers to plaintiff's petition, and gave defendants time to plead.

To challenge the correctness of these rulings the case is brought here for review. No mere technical defect in the pleader's art is urged against the petition; but it is earnestly contended as a matter of law that the state has no legal right to bring this action; that, on the contrary, a statute enacted in 1935 (ch. 168) stripped the state of its power to do so. Section 1 of this recent statute reads:

"When it shall be brought to the attention of the probate court of any county in this state (a) that a resident of the county has died without known heir or will, but leaving an estate consisting of real or personal property, or both; or (b) that a nonresident of this state has died without known heir or will, leaving real property situated in the county in this state, the court shall appoint some suitable person as administrator to take possession of the estate of such resident decedent, or of the real property in this state of such nonresident decedent, as the case may be, and administer the same under the supervision of the court, and shall notify the county attorney and the attorney general of its action. The probate court shall have exclusive original jurisdiction of all questions, legal or equitable, arising in the administration and distribution of such an estate." (G. S. 1935, 22-1207.)

The only other features of this statute of present concern are a part of section 6 and the repealing section. These read:

"The state shall be regarded as a party to all actions in the probate court for the administration or distribution of such an estate to the extent that it is entitled to notice and an opportunity to be heard upon all claims, and in respect to all orders and judgments of the court . . . " (G. S. 1935, 22-1212.)

"Sec. 7. Sections 22-933, 22-934, 22-935, 22-1201, 22-1202, 22-1203, 22-1204, 22-1205 and 22-1206 of the Revised Statutes of Kansas of 1923 be and the same are hereby repealed." (Laws 1935, ch. 168.)

Counsel for appellants stress the concluding language of section 1, which declares that the probate court has *exclusive original jurisdiction* of all questions, legal or equitable, arising in the administration and distribution of such an estate. But the state does not

gainsay that statutory prerogative. It merely seeks to exercise the right to contest the will in accordance with the prescribed procedure therefor.

"The mode of contesting a will after probate, or an order of the court refusing to probate the will, shall be by civil action in the district court of the county in which the will was admitted to probate or the order of the court refusing to probate was made, which action may be, brought at any time within one year after the probate or the order of the court refusing to probate the will, and not afterwards." (G. S. 1935, 22-223.)

Nothing in the statute of 1935 can be fairly construed to expressly or impliedly abridge or cut off the state's right to contest a will. (*State, ex rel., v. Rector*, 134 Kan. 685, 8 P. 2d 323.) None of the provisions of the prior law which are expressly repealed by section 7 of the act of 1935 have any bearing on the legal question of present concern.

Recurring to section 1 of the new statute, it should be observed that what it confers on the probate court is exclusive original jurisdiction of questions of administration and distribution of estates of decedents. Only questions of administration and distribution, not other questions. Only exclusive original jurisdiction, not abrogation of appellate jurisdiction of competent courts vested with that function. No language in the act of 1935 is fairly susceptible of an interpretation that the state's right to contest a will or to appeal to this court from an adverse ruling of a lower court has been cut off. And any such interpretation of the act would seriously impinge on some vital principles of our fundamental law so long as other claimants to estates are still accorded that privilege. (Bill of Rights, § 18; Const., art. 6, § 3.) In 59 C. J. 315-316 it is said:

"To enforce its rights or redress its wrongs, as a political corporation, a state may ordinarily avail itself of any remedy or form of action which would be open to a private suitor under similar circumstances; and when it has brought suit it is generally subject to, and its right to relief is usually determined in accordance with, the ordinary rules of law which have been established for the administration of justice between private litigants, except insofar as such rules have been modified by statutes in favor of the state, or they are held inapplicable because of the state's sovereignty, or because their strict application against the state would be unreasonable."

It is also contended that the verified motion to dismiss was good, because it was alleged therein Sarah Josephine Dennis *did* have known heirs, and consequently the state had no interest in the estate. But plaintiff's petition tendered an issue on that subject, and

the proper way to meet it was by traversing the pertinent allega-- tions of the petition in an answer filed as the code prescribes. In any civil action for the recovery of money, or damages, or in re- plevin, divorce, or to quiet title, plaintiff's petition could not be effec- tively withstood by a verified motion to dismiss reciting that the al- legations of plaintiff's petition were not true. And so here. Notwith- standing the verified motion and the supporting affidavits, the trial court's ruling was correct, and its similar ruling on the demurrers was likewise correct.

The judgment is affirmed.