No. 46,908

James L. Raines, *Appellant*, v. National Old Line Insurance Company, *Appellee.*

(508 P. 2d 928)

Opinion filed April 7, 1973.

*E. J. Schumacher*, of Topeka, was on the brief for appellant.
*Terry L. Bullock*, of Topeka, was on the brief for appellee.

*Per Curiam:* The plaintiff (appellant) sues to recover disability benefits under a policy issued by the defendant, which contained by way of "Elimination Endorsement," the following provision:

"With respect to James Leveston Raines, the policy does not cover any loss caused by or resulting from: Any Disorder of The Musculo-Skeletal Structure of The Back or Neck or Complications Thereof And/Or Any Disorder of The Left Arm."

The obvious reason for the exclusion was, as shown by the stipulation of the parties, that prior to the application for the insurance the plaintiff had sustained an injury to his "back, neck and left arm" in a fall from a ladder in 1965. The stipulation also recites that the injury for which plaintiff claims disability payments was sustained on December 13, 1970, by the slipping of a ladder causing him, in falling, to strike his "back and neck" and that he continues to have "pain and discomfort as the result of these disorders of the muscular and skeletal structure of his neck and back."

The district court granted summary judgment on the pretrial record for the defendant insurance company on the ground that the record showed the plaintiff was not disabled as required by the policy. It did not pass on the exclusionary effect of the "Elimination Endorsement."

The defense of the "Elimination Endorsement" has been a live issue in the case from the beginning. While the district court chose to dispose of the case on the issue of disability, that does not preclude this court from considering the preliminary issue of whether the nature of the disability excludes it from the policy coverage by reason of the "Elimination Endorsement." See *In re Estate of Dennis,* 146 Kan. 121, 68 P. 2d 1083, among other cases, holding that the district court's reasons for its decision are not

important if it can be upheld on any ground. Since the "Elimination Endorsement" presents a threshold question as a matter of law on the stipulated facts, we choose to dispose of the appeal on that issue, which makes it unnecessary to consider the merits of the district court's analysis of the disability question.

The appellant did not brief the question on appeal of whether his claim was barred by the "Elimination Endorsement," but asked for additional time to file a supplemental brief if the issue was presented in the brief of the appellee. The appellee did brief the question and invited a reply or supplemental brief by the appellant. The appellant filed no reply brief, although our rules are clear in granting him the privilege to do so. See Kansas Supreme Court Rule 8 (g). But it is suggested in an "addendum" to the appellant's brief that he relies on the proposition that the exclusionary endorsement is inconsistent with the "uncontestable" clause in the policy. The policy recites:

". . . (b) No claim for loss incurred or disability (as defined in the policy) commencing after two years from the date of issue of this policy shall be reduced or denied on the ground that a disease or physical condition *not excluded from coverage* by name or specific description effective on the date of the loss had existed prior to the effective date of coverage of this policy." (Emphasis added.)

Clearly the uncontestable clause above quoted, or any other provision in the policy, does not bar the insurance company from proving that the loss was excluded by the terms of the "Elimination Endorsement." See *Moore v. American Insurance Union*, 135 Kan. 311, 10 P. 2d 1084.

We hold that the disability claimed by the appellant arising from injury to his neck and back is not within the policy coverage in view of the "Elimination Endorsement."

The judgment is affirmed.