No. 33,640

GEORGE M. FOWLER, *Appellee,* v. CHARLES E. MOORE, *Appellant.*

(75 P. 2d 222)

Opinion filed January 29, 1938.

*William Barrett* and *George Barrett,* both of Pratt, for the appellant.

*R. F. Crick* and *M. C. Bucklin,* both of Pratt, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to foreclose a mortgage. Judgment was for plaintiff. Defendant appeals.

The facts are simple. On November 22, 1917, Carrie Moore executed a mortgage on the real estate in question to the Putnam Investment Company of Salina. This mortgage was in the amount

of $3,100 and was due December 30, 1922. This mortgage was duly recorded.

On October 13, 1933, the receiver for the mortgage company executed an assignment of the mortgage to Fowler, the plaintiff in this action. This assignment was duly recorded.

On December 8, 1922, the Moores entered into an extension agreement with the Putnam Investment Company extending the time for the payment of the balance due on the mortgage.

On November 21, 1927, the Moores entered into another extension agreement on the mortgage with the Putnam Investment Company extending the time for the payment of the balance due on the mortgage for five years from December 30, 1927. This agreement provided that the original mortgage should be in full force and effect except as altered by the agreement.

The court found that the evidence failed to show that Fowler, to whom the mortgage had been assigned, the plaintiff in this action, had any knowledge concerning the extension agreement made on November 21, 1927, until after the commencement of this action.

Prior to the commencement of this action no registration fee had been paid upon the mortgage or upon any extension agreement.

When the action was instituted the defendant in his answer pleaded that no mortgage registration fee had been paid upon the extension agreement made November 21, 1927. This was after the taking effect of G. S. 1935, 79-3101, 79-3102 and 79-3107. These sections are as follows:

"The words 'real property' and 'real estate' as used in this act, in addition to the definition thereof contained in the Revised Statutes of 1923, shall include all property a conveyance or mortgage of which is entitled to record as real property or interest therein under the laws of this state. The words 'mortgage of real property' shall include every instrument by which a lien is created or imposed upon real property, notwithstanding that the debt secured thereby may also be secured by a lien upon personal property. An executory contract for the sale of real estate, or a bond for a deed, the complete performance of which is deferred for a longer period than ninety days from its execution, under which the grantee or vendee is entitled to the possession of such real estate, by the terms of which the grantor holds the legal title as security for the unpaid purchase money, shall for the purpose of this act be treated as a mortgage of real property to secure the balance of the unpaid purchase price. (G. S. 1935, 79-3101.)

"Before any mortgage of real property, or renewal or extension of the same shall be received and filed for record on and after the first day of March, 1925, there shall be paid to the register of deeds of the county in which such property or any part thereof is situated, a registration fee for each one hun-

dred dollars and major fraction thereof, of the principal debt or obligation which is secured by such mortgage, the sum of 25 cents; that no registration fee whatsoever be paid, collected or required for or on any mortgage or other instrument, given solely for the purpose of correcting or perfecting a previously recorded mortgage or other instrument, or for the purpose of providing additional security for the same indebtedness, where the registration fee herein provided for has been paid on the original mortgage or instrument: *Provided, however,* That the register of deeds shall receive no additional fees or salary by reason of the receipt of fees as herein provided: *Provided further,* That after the payment of the registration fees as aforesaid the mortgage and the note thereby secured shall not otherwise be taxable." (G. S. 1935, 79-3102.)

"Any mortgage of real property executed on or after March 1, 1925, on which the registration fee as herein provided has not been paid, shall not be filed for record by any register of deeds, and such mortgage shall not be received in evidence in any suit, action or proceeding, and no judgment, decree or order for the enforcement thereof shall be rendered, made or entered in or by any court in this state." (G. S. 1935, 79-3107.)

The theory of defendants was that since the mortgage registration fee had not been paid on the last extension agreement it could not be received in evidence in an action to foreclose it. The effect of such a rule would be to invalidate any mortgage upon which the registration fee was not paid. When, during the course of the proceedings, it appeared that this registration fee had not been paid the plaintiff immediately paid it. The court then admitted it in evidence and gave judgment in foreclosure.

Defendant argues that the admission of this extension agreement in evidence when the registration fee had not been paid on it until after the action to foreclose had been commenced was error.

The trial court admitted the extension agreement under the circumstances because it had found that the record did not disclose that plaintiff had any knowledge of the extension agreement until after the action was commenced.

The action of the court was correct, but it was not necessary to place it on the ground of lack of knowledge of plaintiff. This court considered this question in *Coryell v. Hardy,* 144 Kan. 194, 58 P. 2d 1151. In that case the tax had not been paid on a mortgage which was being foreclosed until after the foreclosure action was commenced. The same point was raised there. This court said:

"The statute defines the term 'mortgage' to include executory contracts for the sale of real estate, and provides such a 'mortgage' shall not be received in evidence unless the tax is paid. Prior to the time the contract was offered, tax was paid. That it was not paid immediately after the contract was made makes no difference; that the amount of tax that was paid may not have been

fully sufficient cannot avail appellant—that is the concern of the tax-collecting authorities." (p. 202.)

It will be noted that the statute provides for registration of the mortgage and that it shall not be registered unless the fee has been paid and shall not be received in evidence unless the fee is paid. Ordinarily the provision that the mortgage should not be recorded by the register of deeds unless the fee has been paid would have been sufficient to cause the fee to be paid. Most mortgagees are careful and anxious to keep their mortgages recorded. If the legislature had intended that a failure to pay the fee within a reasonable time should render the mortgage inadmissible it might very well have so provided. It did not see fit to do this, however. As it is, the provision is a rule of evidence. When the extension agreement was presented to the court with registration fee paid it was the court's duty to admit it.

In the case of *Ditzen v. Given*, 139 Kan. 506, 32 P. 2d 448, upon which defendant relies, the defendants argued that the instrument was not the sort upon which the tax should have been paid at all. The record showed that it had not been paid. That case is not in point here.

The judgment of the trial court is affirmed.