No. 35,838

NEBRASKA HARDWARE MUTUAL INSURANCE COMPANY, *Appellee*, v. JOHN M. JOHNSON and ANNA M. JOHNSON, Husband and Wife (and HUBERT JOHNSON), *Appellants.*

(137 P. 2d 125)

Opinion filed May 8, 1943.

*Paul B. Bailey,* of Hiawatha, argued the cause for the appellants; *John M. Johnson* pro se.

*L. E. Helvern,* of Hiawatha, argued the cause, and *Ernest B. Perry, Robert Van Pelt* and *Lloyd J. Marti,* all of Lincoln, Neb., were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action to foreclose a mortgage on real estate. Judgment was for the plaintiff. Defendants appeal.

There is very little dispute as to the ultimate facts. The petition alleged that on February 10, 1925, defendants, Johnson and wife, signed and delivered to the Lincoln Safe Deposit Company of Lincoln, Neb., thirty-two real-estate mortgage bonds in the sum of $500 each, all being payable on the 28th day of February, 1930, with interest; that on the same day the same parties gave a mortgage on a described quarter section of land in Brown county, Kansas; that this mortgage was for $16,000 and was given to secure the mortgage bonds described above; that this mortgage was filed for record in the office of the register of deeds in Brown county on Feb-

ruary 23, 1925, and duly recorded therein. The petition then alleged certain transactions by which the mortgage bonds and the mortgage just mentioned had been assigned and delivered to the plaintiff, The Nebraska Hardware Mutual Insurance Company, on March 30, 1942, and this assignment had been recorded with the register of deeds of Brown county on April 9, 1942. The petition then alleged that plaintiff had made repeated demands on defendants for payment of the bonds and that they had refused to pay them and were in default; that there was due on them $15,000, with interest. The petition further alleged that one Hubert Johnson claimed some right and title in the real estate and asked that he be required to answer the petition. This man was only a tenant on the place and we need pay no further attention to him. Judgment was prayed in the usual form that the mortgage be foreclosed, for judgment in personam against defendants, and that the property be sold and the proceeds applied to the payment of the costs, delinquent taxes and to the judgment of plaintiff, and that the balance be paid into court.

The answer of the defendants, Johnson and wife, was a general denial, and alleged further that if the land should be sold pursuant to the action they should have a period of eighteen months in which to redeem.

When the action came on to be heard the president of the plaintiff company testified that it was the owner and holder of the bonds and of the mortgage. He identified all of these instruments and they were offered in evidence. Counsel for the defendants objected to the introduction of these bonds for the reason that there had been two extensions entered into by the owner and holder of these bonds and the mortgage, and they had never been filed for record and no registration fee paid thereon, and that the instruments offered, that is, the original mortgage and the mortgage bonds, could not be made the basis of a judgment. The objection was overruled and the mortgage was admitted in evidence. The counsel for the defendants then made the following statement:

"In order to expedite matters, the defendants, John M. Johnson and Mrs. Anna M. Johnson, will admit that these bonds, I think you call them, and the mortgage were executed and they have paid all the payments required thereunto up to March 1, 1939."

Some correspondence and court proceedings with which we are not concerned were then introduced. On cross-examination this witness testified that two extensions of these bonds and the mortgage had

been made extending the time of payment of the original note and mortgage, and that neither of these extension agreements had been offered for record in Brown county nor had any registration fee or tax on them been paid. He testified further that one extension agreement had been made extending the time of payment from March 1, 1935, making them fall due in 1940, and that plaintiff had been consulted about it. There was some further evidence about the matter of recording various extension agreements, but in view of the outcome of the case it is not here deemed necessary to set out that evidence.

At the conclusion of the testimony of the president of the company the plaintiff rested his case and the defendants demurred to the evidence on the ground that the company had not proved its case and because it showed that the registration tax had not been paid on the mortgage or on the extension agreement. This demurrer to the evidence was overruled.

The defendant Johnson then took the stand and testified as to payments of interest that had been made and one payment on the principal before the time came when the mortgage was in default. This witness was excused and counsel for the defendant said: "Now I think it probably is conceded there has been no registration tax paid;" whereupon it appeared that while this witness was being examined representatives of the plaintiff had gone down to the office of the register of deeds, had offered the extension agreement for registration and paid the registration fee. There is no question but that this happened.

At the request of the defendants the court made findings of fact. First, the court found that the land had been purchased in 1919 and a mortgage for $16,000 given to a bank in Brown county. Next, the court found that on February 10, 1925, the defendants had borrowed $16,000 from a bank in Lincoln and had given thirty-two $500 notes and the mortgage, which plaintiffs were seeking to foreclose in this case. The court also found that this mortgage was duly recorded on February 23, 1925, and that at the time of the giving and filing of this mortgage for record the mortgage-registration-fee statute had not been passed in Kansas, and no mortgage-registration fee was due or paid on it at the time of filing. The court then found that sometime prior to February 5, 1930, the Johnsons paid two of the notes of $500 each and that on February 5, 1930, they signed thirty renewal notes extending the time of the payment on the notes given

on February 10, 1925; that these notes were extension agreements but were signed only by the Johnsons. Under the terms of these notes as extended they were due February 28, 1935. The court then found that The First Trust Company of Lincoln became the successor of the original mortgagee in the case. On December 13, 1935, the Johnsons signed thirty renewal notes dated February 10, 1935, payable to The First Trust Company purporting to extend the time of payment on the notes dated February 10, 1935, and purporting to extend the time of payment of the original extension notes from February 28, 1935, to March 1, 1940, and at the same time these notes were signed the defendants signed an instrument purporting to be an agreement extending the time of payment on the notes dated December 13, 1935, from February 28, 1935, to March 1, 1940. The court further found that up to the time of trial no registration fee had been paid by plaintiff or its predecessors or anybody else on the claimed extension agreement and that after plaintiff had rested its case in the trial of the action and during the recess of court the plaintiff filed for record the purported extension agreement and paid the registration fee in the sum of $37.50 and after this instrument was filed for record it was introduced in evidence. The court then found that the notes and mortgage had been assigned to plaintiff, about which there is no dispute, more than two years after they became due, and that the plaintiff was the owner and holder of the notes and that the terms of the mortgage had been broken and that there was due plaintiff from the Johnsons the sum of $17,229.88, with interest, and that the mortgage was a first mortgage lien on the land set out and described in the petition and it was subject to foreclosure.

As a conclusion of law the court held that there was no mortgage-registration fee due on the purported extension agreement, or any other agreement introduced in evidence in the case, and that the plaintiff should have judgment against the Johnsons in the sum named. The judgment was entered accordingly and the defendants have appealed.

The defendants' position is that under the terms of G. S. 1935, 79-3102 and 79-3107, before the extension of the mortgage could be received in evidence it was necessary that it be recorded and the registration tax paid as provided in the statutes. They argue that the payment in this case came too late, since it was made after the plaintiff had rested its case. The plaintiff makes two arguments.

It meets the first position of defendants by saying that since the original mortgage was entered into before the enactment of the statute in question it was not required to pay the mortgage-registration fee in order to be able to introduce its mortgage in evidence and that the renewals of the notes in question were not such instruments as required the payment of the tax. It argues further that when it finally paid the registration fee on its extension agreements they were admissible in evidence, and since the case had not been finally submitted it was proper for the court to hear the evidence on the registration of the instruments and the payment of the taxes.

It will be noted that the trial court found that the plaintiff was not bound to pay the registration fee and placed its decision upon that ground. We shall not decide that question in this case. It is a well-known rule that where final judgment is good it will not be disturbed even though the court used improper judicial reasoning in reaching its conclusion. We are not deciding in this case that the court did reach the wrong conclusion as to whether there was a mortgage-registration fee due or payable on the extension agreements. We are expressly leaving that question undecided. There evidently was a question in the minds of counsel in this case as to whether or not there was such a fee payable. Hence out of abundance of caution they advised their client to pay this fee before the case was finally submitted. Under such circumstances we shall examine the whole situation with the idea of ascertaining whether or not the judgment itself was correct regardless of the legal steps by which the court reached its conclusion. See *Saylor v. Crooker,* 97 Kan. 624, 156 Pac. 737, and *In re Estate of Dennis,* 146 Kan. 121, 68 P. 2d 1083. As to the question of whether or not the instrument in question became admissible in evidence when the fee was finally paid, we dealt with that question first in *Coryell v. Hardy,* 144 Kan. 194, 58 P. 2d 1151. There we said:

"The appellant further complains the trial court committed error in receiving in evidence the two mortgages held by the association and by Minnie Marsh White, and the contract between himself and Mrs. Coryell because of failure to show tax paid. Both of the mortgages were given prior to the enactment of the mortgage registration act (Laws 1925, ch. 273; R. S. 1933 Supp. 79-3101 *et seq.*), and it may be doubted that it applies. . . Prior to the time the contract was offered, tax was paid. That it was not paid immediately after the contract was made makes no difference; that the amount of tax that was paid may not have been fully sufficient cannot avail appellant—that is the concern of the tax-collecting authorities." (p. 202.)

In *Fowler v. Moore,* 147 Kan. 108, 75 P. 2d 222, we had the same question. There the court said:

"The theory of defendants was that since the mortgage registration fee had not been paid on the last extension agreement it could not be received in evidence in an action to foreclose it. The effect of such a rule would be to invalidate any mortgage upon which the registration fee was not paid. When, during the course of the proceedings, it appeared that this registration fee had not been paid the plaintiff immediately paid it. The court then admitted it in evidence and gave judgment in foreclosure.·

"Defendant argues that the admission of this extension agreement in evidence when the registration fee had not been paid on it until after the action to foreclose had been commenced was error.

"The trial court admitted the extension agreement under the circumstances because it had found that the record did not disclose that plaintiff had any knowledge of the extension agreement until after the action was commenced.

"The action of the court was correct, but it was not necessary to place it on the ground of lack of knowledge of plaintiff. This court considered this question in *Coryell v. Hardy,* 144 Kan. 194, 58 P. 2d 1151. In that case the tax had not been paid on a mortgage which was being foreclosed until after the foreclosure action was commenced. The same point was raised there.

"It will be noted that the statute provides for registration of the mortgage and that it shall not be registered unless the fee has been paid and shall not be received in evidence unless the fee is paid. Ordinarily the provision that the mortgage should not be recorded by the register of deeds unless the fee has been paid would have been sufficient to cause the fee to be paid. Most mortgagees are careful and anxious to keep their mortgages recorded. If the legislature had intended that a failure to pay the fee within a·reasonable time should render the mortgage inadmissible it might very well have so provided. It did not see fit to do this, however. As it is, the provision is a rule of evidence. When the extension agreement was presented to the court with registration fee paid it was the court's duty to admit it." (pp. 110, 111.)

In *Lewis v. Independence Hotels Co.,* 150 Kan. 840, 96 P. 2d 695, we dealt with the same question, and there we said:

"Appellant first contends that appellee cannot maintain this action for the reason that her amended petition, and the amendments thereto, disclose that she has not complied with our statute relating to mortgage registration fee (G. S. 1935, 79-3101 *et seq.*). This was raised by the demurrer and also by a motion to dismiss. There was some controversy as to whether the instrument was one that required the payment of the registration fee. Either conceding that the instrument was one on which such a fee should be paid, or to avoid any further question about it, plaintiff had the register of deeds compute the amount of the fee and paid the sum so computed, $94.75, and was issued a receipt by that officer showing the registration fee paid. By leave of court the amended petition was amended or supplemented by an allegation of such payment. Thereupon the court overruled the motion to dismiss, and also the demurrer to the amended petition, as so amended. Appellant now argues that

the payment was not made soon enough and that the amount paid was insufficient to pay the proper registration fee. G. S. 1935, 79-3102 provides for the payment of this fee before the mortgage is recorded, and G. S. 1935, 79-3107 contains a similar provision, 'and such mortgage shall not be received in evidence.' Hence, the penalties for the mortgage holder are that the instrument cannot be recorded nor received in evidence unless the fee is paid. The record before us does not show when, if at all the instrument was filed for record. Since the payment was made while the issues were being made up, we think the payment was in time. The amount of the registration fee paid is a matter which concerns the taxing authorities. A similar question arose in *Coryell v. Hardy,* 144 Kan. 194, 58 P. 2d 1151, where a contract quite similar in its broad aspects to the one before us was being considered, and where the registration fee was paid after the action had been filed but before the trial on the merits." (p. 843.)

These authorities clearly establish the rule that the question is whether or not the fee has been paid when the instrument is finally offered in evidence. The statute provides that the instrument shall not be filed unless the fee is paid and it shall not be received in evidence unless the fee is paid. Under this statute the instrument is still valid. It is still valid as between the parties but cannot be made the basis of an action. There is no provision that it has to be paid at any particular time or within a reasonable time.. Most holders of mortgages do record them as a matter of safety and in order to record them they must pay the fee. There are hundreds of mortgages that are entered into and finally paid that never have any court action brought with reference to them. When court action becomes necessary the fee must be paid before the instrument can be offered in evidence. That was done in this case.

Therefore, the judgment entered by the trial court was correct and is affirmed.